UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jong Bu Wang<br><br>    Plaintiff,<br>v.<br><br>Keeper Holdings, Inc., Steven Yang, and Katy Lee,<br><br>    Defendants. | Index No. 24-cv-00672<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jong Bu Wang ("Plaintiff"), by and through her undersigned counsel Ryan Kim Law, P.C. as and for her Complaint in this action against Defendants Keeper Holdings, Inc. ("KHI"), Steven Yang and Katy Lee (the "Individual Defendants") (the KHI and the Individual Defendants are collectively referred to herein as "Defendants"), hereby allege as follows:

## NATURE OF THE CLAIMS

1. Defendants subjected Plaintiff who worked for them to numerous violations of federal and state laws during their employment, including (a) failure to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the New York Labor Law ("NYLL"), §650 *et seq.*; (b) failure to pay overtime wages in violation of the FLSA § 207 and NYLL § 650 *et seq.*; (c) unlawful deduction from employees' wage (d) failure to pay for all hours worked in violation of NYLL § 191; (e) failure to pay NYLL spread of hour pay; (f) failure to provide accurate wage notices in violation of NYLL §§ 195(1) and (2); (g) failure to provide wage statements in violation of NYLL § 195(3), (h) failure to provide a day of rest, (i) failed to provide paid sick leave and family leave,

1

## THE PARTIES

2. Plaintiff was at all times relevant hereto employee of Defendants.

3. Defendants Steven Yang and Katy Lee reside at 15 Rockwood Rd. East, Manhasset NY 11030.

4. Plaintiff was at all times relevant hereto an individual employed in the State of New York by Defendant.

5. Plaintiff was at all times a relevant hereto non-exempt employee within the meaning of the FLSA minimum wage provision.

6. Plaintiff was at all times a relevant hereto non-exempt employee within the meaning of NYLL and the implementing rules and regulations of the NYLL.

7. Plaintiff Jong Bu Wang was hired by Defendants as a domestic helper on September 1, 2015.

8. For the period commencing from September 1, 2015, until January 15, 2024, Plaintiff Jong Bu Wang ("Wang") regularly and customarily at the specific instructions and demand of Defendants performed work for Defendants over thirteen (13) hours per day and eighty-seven (87) hours per week.

9. During her employment period, Plaintiff lived in Defendant's house for seven days per week, 365 days a year until January 15, 2024.

10. The plaintiff served as a live-in domestic worker, undertaking various daily household responsibilities. These tasks encompassed childcare, providing transportation to school or daycare, complete house cleaning, meal preparation, and service throughout the day, laundry for all family members, dishwashing, and assisting with the work of the defendants' company Keeper Holding, Inc.

11. Ms. Wang regularly worked approximately more than fourteen hours a day, seven days a week. Her normal day began around 6:40 a.m. and ended around 9 p.m. on weekdays without any break. She worked 8 a.m. to 8 p.m. on Saturdays and only worked about 4 hours on Sundays until January 2023.

12. From January 2023, she did not work on Sundays.

13. The plaintiff received a fixed wage, irrespective of the number of hours worked per day or week.

14. Until August 2017, her weekly pay was $600.00, and from September 2017 onward, it increased to $750.00, continuing until the end.

15. Despite Ms. Wang dedicating approximately 9 years to working for the defendants and their families, she was not compensated for all the hours she worked.

16. The defendants failed to maintain any records of Ms. Wang's work hours, and she was not instructed to keep such records.

17. When Ms. Wang requested a raise in her wages, the defendants declined, citing their substantial expenses related to the construction of a new house on the property.

18. Plaintiff was assigned to the said manual labor by Defendant.

19. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendant.

20. Plaintiff did not have to supply her own tools and equipment in connection with her work for Defendant.

21. Plaintiff was required to report to work for Defendants at a certain time.

22. Plaintiff could not set her own hours of work for Defendants.

23. The plaintiff was obligated to perform tasks for the defendants' company, Heartloom, including running errands, tagging clothes, packing, handling FedEx/UPS shipping,

providing transportation for fitting models, ironing clothes, acquiring props, and assisting with filming in Manhattan, NY.

24. During her tenure of employment, the plaintiff qualified as a covered employee, as her job consistently engaged her in interstate commerce. Her responsibilities included the handling of goods associated with interstate transactions, specifically managing FedEx/UPS shipping for the online shopping mall orders of Defendant KHI.

25. Defendant Keeper Holdings, Inc. is a New York corporation with a service of process address of 611 Broadway, Room 515, New York, NY 10012.

26. KHI is doing business under the name Heartloom, a retail brand specializing in apparel and accessories.

27. At all relevant times, KHI was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

28. Steven Yang and Katy Lee, the defendants, serve as the owners and operators of Keeper Holdings, Inc.

29. Defendants, Steven Yang and Katy Lee managed, supervised, established, and administered the terms and conditions of Plaintiff's employment.

30. Defendants, Steven Yang and Katy Lee participated in and approved of the unlawful pay practices at Manhasset in New York.

31. Defendants, Steven Yang and Katy Lee were involved in assigning work to Plaintiff.

32. Defendants, Steven Yang and Katy Lee had the power and authority to discipline Plaintiff.

33. Defendants, Steven Yang and Katy Lee exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was

4

paid.

34. Defendants, Steven Yang and Katy Lee hired Plaintiff.

35. Defendants, Steven Yang and Katy Lee were in charge of paying Plaintiff.

36. Defendants, Steven Yang and Katy Lee told Plaintiff where to work and when to work.

37. Defendants employed Plaintiff to do work for them in the States of New York.

38. Defendants provided the tools, equipment, and materials for Plaintiff to do her job with Defendant.

39. Defendants held Plaintiff out as an employee.

40. Defendants employed and paid Plaintiff as their employee.

41. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the NYLL.

42. No exemption from overtime wages applied to Plaintiff's employment with Defendants under NYLL.

43. Defendants never obtained legal advice or counsel that her overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

44. Defendants never obtained any written guidance from the U.S. Department of Labor concerning her pay practices and policies.

45. Upon information and belief, Defendants knowingly, willfully, and intentionally violated the minimum wage and overtime provisions of the FLSA and New York Labor Law.

46. Upon information and belief, Defendants failed to keep, maintain, and preserve truthful and accurate records of the hours that Ms. Wang worked and the wages paid to her.

47. No exemption from overtime applies or applied to Plaintiff when she worked more

than 40 hours in a workweek for Defendants under New York state law.

48. Defendants failed to pay Plaintiff overtime premium for all hours worked in excess of 40 hours per workweek.

49. Defendants, Steven Yang and Katy Lee are citizens and residents of the State of New York.

## JURISDICTION AND VENUE

50. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
## FAIR LABOR STANDARDS ACT
### Minimum Wage Claim

51. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

52. The FLSA requires employers, such as Defendant, to pay employees the minimum wage for all hours worked.

53. At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the FLSA. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

54. During the applicable statute of limitations, Defendants have failed to pay Plaintiff the federally mandated minimum wage for all hours worked.

55. Plaintiff does not or did not perform job duties or tasks that permit them to be exempt from a minimum wage as required under the FLSA.

56. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA

within the meaning of 29 U.S.C. § 255(a).

57. Plaintiff seeks damages in the amount of all respective unpaid minimum wage compensation at the minimum wage rate effective during the applicable workweek, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

58. Plaintiff seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE**, plaintiff prays for judgment in her favor and against the Defendant, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid wages due and owing to the plaintiff, which were wrongfully converted to the Defendant' use as described above;

B. interest on all amounts awarded;

C. attorneys' fees, together with costs of suit and collection; and

D. such further relief as may be fair and just in the premises

## COUNT II
## FAIR LABOR STANDARDS ACT
### Overtime Wages

59. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

60. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for her failure to pay overtime wages to Plaintiff for all hours worked.

61. For a certain period of her employment, Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

62. This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

63. During the course of her employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

64. Plaintiff was directed by Defendants to work and did so work, in excess of forty (40) hours per week.

65. Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at a rate of one and one-half times her regular rate of pay.

66. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

67. Defendant's failure and refusal to pay overtime premium at one and one-half times Plaintiff's rate of pay for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

68. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

    A.    A judgment in the amount of one and one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

    B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

    C.    Reasonable attorney's fees and costs incurred in filing this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT III
## NEW YORK LABOR LAW
### Minimum Wages Claim

69. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

70. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

71. The matters set forth in this count arise from Defendant's violation of the minimum wage provisions of the Minimum Wage Act Article 19 New York State Labor Law §650 et seq. Plaintiff brings this action pursuant to NYLL §663.

72. At all relevant times herein, Defendants was "employer" as defined in the NYLL §651-6, and Plaintiff was "employee" within the meaning of that Act §651-5.

73. Pursuant to NYLL §652-1, for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated minimum wages.

74. Defendants did not compensate Plaintiff minimum wages for all hours worked.

75. Defendants violated the New York Labor Law by refusing to compensate Plaintiff's minimum wages for all hours worked.

76. Pursuant to 19 NYLL 663-1 & 4, Plaintiff is entitled to recover her unpaid wages together with costs of all reasonable attorney's fees, prejudgment interest, and an additional amount as liquidated damages equal to one hundred percent (100%) of the total of underpayments.

**WHEREFORE,** Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all hours worked;

B.      Liquidated damages pursuant to the formula set forth in 19 NYLL 662;

C.      Reasonable attorney's fees and costs incurred in filing this action; and such other and further relief as this Court deems appropriate and just.

## COUNT IV
## NEW YORK LABOR LAW
### Overtime Wages

77. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

78. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

79. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the 12 NYCRR §142-2.2.

80. Pursuant to 12 NYCRR § 142-2.2, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times her normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

81. Defendants failed to compensate Plaintiff's overtime wages for hours worked in excess of forty (40) hours in individual workweeks.

82. Defendants violated the NYLL overtime wage Law by not compensating Plaintiff's overtime wages for hours worked in excess of forty (40) hours in individual workweeks.

83. Defendants willfully violated the NYLL overtime wage law by refusing to compensate Plaintiff at one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours per week.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid overtime wages for all hours worked;

B. Liquidated damages pursuant to the formula set forth in 19 NYLL 662;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT V
## Spread of Hours

84. Under New York State law, the "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for that day. New York State law requires that an employer pay an employee one (1) extra hour of pay at the minimum wage for each day that employee works an interval of more than ten (10) hours.

85. Plaintiff regularly worked a "spread of hours" greater than ten (10) hours per day.

86. Defendants never paid Plaintiff any additional compensation for working a "spread of hours" exceeding ten (10) hours per day.

87. Defendants knowingly and willfully failed to pay Plaintiff any additional compensation for working a "spread of hours" exceeding ten (10) hours per day as required by the New York State labor regulations.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid spread of hours for all number of days she worked more than ten (10) hours in a day;

B. Pre-judgment interest pursuant to N.Y.C.P.L.R. §§ 5001, 5004;

C. Liquidated damages pursuant to the formula set forth in 19 NYLL 662;

D. Reasonable attorney's fees and costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT VI
## Time of Hire Wage Notice Requirement

88. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

89. The NYLL requires employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

90. Defendants intentionally failed to provide notice to the employee in violation of New York Labor Law §195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to the rate of pay, regular pay cycle and rate of overtime at her time of hire or her first day of employment.

91. Defendants not only failed to provide notice to each employee at the Time of Hire but also failed to provide notice to the plaintiff even after the fact.

92. Due to Defendant's violations of New York Labor Law, Plaintiff is entitled to recover from Defendant, jointly and severally, $50 for each workday that the violation occurred or continues to occur, up to $5,000, together with costs and attorneys' fees pursuant to New

York Labor Law §198(1-b).

    **WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. An award of damages for Defendant's failure to provide wage notice at the time of hire as required under the New York Labor Law;

B. Reasonable attorney's fees and costs incurred in filing this action; and

C. Such other and further relief as this Court deems appropriate and just.

## COUNT VII
## Pay Stub Requirement

93. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

94. The NYLL and supporting regulations require employers to provide detailed pay stub information to employees every payday. NYLL §195-1(d).

95. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to the compensation of plaintiff and did not provide the paystub on or after Plaintiff's payday.

96. Due to Defendant's violations of New York Labor Law, Plaintiff is entitled to recover from Defendant, jointly and severally, $250 for each workday of the violation, up to $5,000 together with costs and attorneys' fees pursuant to New York Labor Law §198(1-d).

    **WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. An award of damages for Defendant's failure to provide pay stubs as required under the New York Labor Law;

B. Reasonable attorney's fees and costs incurred in filing this action; and

C. Such other and further relief as this Court deems appropriate and just.

## COUNT VIII
### Day of Rest Violation

97. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

98. Domestic workers are entitled to at least 24 consecutive hours of rest each and every calendar week. An employee may voluntarily agree to work on her/his day of rest if compensated at the overtime rate for all hours she/he works on the day of rest. The day of rest should, whenever possible, coincide with the employee's traditional day for religious worship. N.Y. Labor Law § 161.1.

99. In addition, after one year of work with the same employer, a domestic worker shall be entitled to at least three (3) days of rest in each calendar year at the regular rate of compensation.

100. The Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to the compensation of plaintiff and did not provide the Day of Rest during Plaintiff's entire employment period.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. An award of damages for Defendant's failure to provide a Day of Rest as required under the New York Labor Law;

B. Reasonable attorney's fees and costs incurred in filing this action; and

C. Such other and further relief as this Court deems appropriate and just.

## JURY TRIAL

A jury trial is demanded on all Counts.

        /s/ Ryan Kim
        Ryan J. Kim

                                        Ryan Kim Law, P.C.
                                        222 Bruce Reynolds Blvd.
                                        Suite 490
                                        Fort Lee, NJ 07024
                                        Attorney for Plaintiff