## MANDATORY REQUIREMENTS FOR INITIAL STATUS CONFERENCE

Counsel for all parties are directed to appear before the Honorable Brian M. Cogan for an initial case management conference in accordance with Fed. R. Civ. P. 16 on the date and time set forth in the ECF Scheduling Order. Principal trial counsel must appear at this and all subsequent conferences.

**Plaintiff(s) counsel (is) (are) directed to notify all attorneys in this action of the conference schedule in writing.**

In cases where Fed. R. Civ. P. 26(f) applies, counsel for the parties shall confer in compliance therewith at least twenty-one (21) days prior to the scheduled conference to agree upon a proposed discovery plan.

**On a without prejudice basis, counsel are directed to file on the docket a joint letter five days prior to the conference** with a brief description of the case, including factual, jurisdictional, and legal basis for the claim(s) and defense(s); and addressing any contemplated motions. Defendant's portion of the letter may not assert a general denial, boilerplate affirmative defenses, or a need for further investigation, but must engage with the issues in the case. Failure to comply with these instructions may result in the imposition of sanctions under Fed. R. Civ. P. 16(f).

**Counsel are directed to file on the docket a completed Case Management Plan using the attached form two days prior to the conference.**

Based on the complaint in this action, the Court has preliminarily classified this case as non-complex and expects a Case Management Plan to provide for a maximum of 90 days from the Initial Status Conference for completion of fact discovery. The parties may provide for a longer period in their Case Management Plan and shall address the need for such longer period at the Conference.

Counsel are directed to review Judge Cogan's Individual Practices, which may be obtained on the Court's website at https://www.nyed.uscourts.gov/content/judge-brian-m-cogan. Requests for adjournment of the conference will be considered only if made in writing and otherwise in accordance with Judge Cogan's rules.

**Consent to Trial Before Magistrate Judge.**

If **ALL** parties consent to trial before a Magistrate Judge (with or without a jury), they may execute and file by ECF the consent form at least 72 hours before the Initial Status Conference. Upon filing of such form, the Initial Status Conference will be cancelled and the case referred to the Magistrate Judge, and the parties shall not file a Case Management Plan unless directed to do so by the Magistrate Judge. *Failure to return the executed Magistrate Judge consent form **prior to the Initial Status Conference before Judge Cogan** shall constitute a waiver of the parties' opportunity to proceed before a Magistrate Judge.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
 [Jong Bu Wang]                                              :
                                                             :    **CIVIL CASE MANAGEMENT PLAN**
                                    Plaintiff,              :
            - against -                                      :    24-cv-00672 (BMC)
                                                             :
 [Keeper Holdings, Inc., Steven Yang & Katy Lee]             :
                                                             :
                                    Defendants.              :

------------------------------------------------------------ X

**COGAN**, District Judge

      After consultation with counsel for the parties, the following Case Management Plan is adopted.  This plan is also a scheduling order pursuant to Federal Rules of Civil Procedure 16 and 26(f).

**A.**    The case ((is)) (is not) to be tried to a jury. [Circle as appropriate].

**B.**    Non-Expert Discovery:

    1.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York.  All non-expert discovery is to be completed by 6/30/2024, which date shall not be adjourned except upon a showing of good cause and further order of the Court.  Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can meet the discovery completion date.

    The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

3

      2.      Joinder of additional parties must be accomplished by 4/30/2024.

      3.      Amended pleadings may be filed without leave of the Court until 4/30/2024.

**C.** For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

**D.** Motions:

    1.    Upon the conclusion of non-expert discovery, and no later than the date provided below, the parties may file dispositive motions. The parties shall agree to a schedule and promptly submit same for the Court's approval, providing for no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs.

    2.    The last day for filing a letter, pursuant to Rule III.A.2 of the Court's Individual Practices, requesting a premotion conference in order to file dispositive motions shall be 7/7/2024 (Counsel shall insert a date one week after the completion date for non-expert discovery.)

        a.    There shall be no cross-motions. Any motions not made by the agreed date shall, unless the Court orders otherwise, not be considered until after the timely-filed motion is determined.

        b.    Papers served and filed by the parties shall conform to the requirements set out in the Court's Individual Practices.

**E.** Any request for relief from a date provided in this Case Management Plan shall conform to the Court's Individual Practices and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

**F.** Pre-Trial Motions:

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, as provided by the Court's Individual Rules, and are not to modify or delay the conduct of discovery or the schedules provided in this Case Management Plan except upon leave of the Court.

**SO ORDERED.**

Dated: Brooklyn, New York
 \_\_\_\_\_ \_\_, 20\_\_

                                                                 U.S.D.J.

## ATTACHMENT A

**The Parties are to list the discovery activities (i.e., production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:**

| DISCOVERY ACTIVITIES | COMPLETION DATE |
|---|---|
| 1. Issue written discovery | 3/31/2024 |
| 2. Conduct deposition (Up to 5 for Plaintiff) | 6/30/2024 |
| 3. | |
| 4. | |
| 5. | |
| 6. | |
| 7. | |
| 8. | |
| 9. | |
| 10. | |

## ATTACHMENT B

**For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:**

1.   **PLAINTIFF'S CLAIMS:**

   Unpaid minimum wage & overtime pay under FLSA & NYLL

   Spread of hours under NYLL

   Time of hire wage notice requirement violation under NYLL

   Pay Stub Issuance requirement violation under NYLL

   Day of Rest violation under NYLL

2.   **COUNTERCLAIMS AND CROSS-CLAIMS:**

3.   **THIRD-PARTY CLAIMS:**

7