UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JONG BU WANG,

                Plaintiff,

         -against-                           **ORDER**
                                                    24 CV 672 (CLP)
KEEPER HOLDINGS, INC., STEVEN YANG, and KATY LEE,

                Defendants.
------------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

On January 30, 2025, plaintiff Jong Bu Wang ("plaintiff" or "Wang") filed the instant action against defendants Keeper Holdings, Inc. ("Keeper Holdings"), Steven Yang ("Yang"), and Katy Lee ("Lee") (collectively, "defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the New York Labor Law ("NYLL") §§ 650 et seq. (ECF No. 1). After the parties proceeded through mediation, discovery, and a settlement conference, the Court issued a trial management order on October 24, 2025, setting the trial to commence on December 15, 2025, and directing the parties to exchange and file motions *in limine* by November 26, 2025, with responses served and filed by December 3, 2025. (Order, dated October 24, 2025). The parties timely filed their motions and responses. (ECF No. 29-35). Defendants additionally move to file their unredacted Memorandum of Law in Support of Defendants' Motion *in Limine*, and Exhibit D attached to the Motion, under seal. (ECF No. 30). The Court rules on the motions *in limine* as follows.

## LEGAL STANDARD

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of

1

trials." Luce v. United States, 469 U.S. 38, 40 n.4 (1984). "The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011); accord Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996) (explaining that *in limine* rulings "aid the trial process" by providing the court with the opportunity to decide the issue of admissibility "without lengthy argument at, or interruption of, the trial"). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." United States v. Paredes, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). Thus, the party moving *in limine* "bears the burden of establishing that evidence is inadmissible for any purpose and so properly excluded." United States v. Johnson, No. 16 CR 457, 2017 WL 5125770, at *2 (E.D.N.Y. Sept. 21, 2017). "Courts considering a motion *in limine* may reserve decision until trial, so that the motion is placed in the appropriate factual context." United States v. Johnson, 2017 WL 5125770, at *2 (quoting Jean-Laurent v. Hennessy, 840 F. Supp. 2d at 536). "The ruling is subject to change when the case unfolds[;] [i]ndeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." Luce v. United States, 469 U.S. at 41-42.[1]

Pursuant to the Federal Rules of Evidence, "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Conversely, evidence that does not make any fact of consequence more or less probable is inadmissible as irrelevant. Fed. R. Evid. 401, 402; United States v. White, 692 F.3d 235, 246 (2d Cir. 2012). A court may

---

[1] "This does not mean that the parties may ignore the Court's *in limine* rulings at trial, for they remain the Order of the Court unless altered." Reynolds v. American Airlines, Inc., No. 14 CV 2429, 2017 WL 5613115, at *1 n.1 (E.D.N.Y. Nov. 21, 2017). "Instead, any party may, out of the hearing of the jury, seek reconsideration of an *in limine* ruling based on the evidence adduced at trial." Id.

exclude relevant evidence when "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

DISCUSSION

I.  Plaintiff's Motions *in Limine*

Plaintiff submitted eleven motions *in limine*. (Pl.'s Mem.).[2] The Court first addresses plaintiff's unopposed motions. In motions *in limine* Nos. 1 and 3, plaintiff seeks to exclude any reference, testimony, or evidence regarding her immigration status and her involvement in an automobile accident case, arguing that each topic is irrelevant to the claims under the FLSA and NYLL and would cause undue prejudice and jury confusion. (Id. at 1-2). Additionally, in motion *in limine* No. 11, she seeks to exclude defendants' Exhibit M, a vehicle bill of sale, as irrelevant to her claims and lacking authentication. (Id. at 5). Defendants do not oppose these three motions. (Defs.' Resp.[3] at 3).

The Court agrees that plaintiff's immigration status, her involvement in an automobile accident case, and the vehicle bill of sale are irrelevant to her claims. See Fed. R. Evid. 401. Furthermore, even if her immigration status were relevant, its prejudicial effect and tendency to mislead the jury would substantially outweigh any probative value. See Fed. R. Evid. 403; Rodriguez v. Pie of Port Jefferson Corp., 48 F. Supp. 3d 424, 426 (E.D.N.Y. 2014). Accordingly, the Court grants plaintiff's motions *in limine* Nos. 1, 3, and 11 to preclude any mention at trial of her immigration status, prior involvement in an automobile accident case, and the vehicle bill of sale in defendants' Exhibit M.

---

[2] Citations to "Pl.'s Mem." refer to Plaintiff's Motion *in Limine*, filed November 26, 2025. (ECF No. 29).
[3] Citations to "Defs.' Resp." refer to Defendants' Memorandum of Law in Partial Opposition to Plaintiff's Motion *in Limine*, filed December 3, 2025. (ECF No. 34).

3

In motions *in limine* Nos. 2 and 4 through 10, which defendants oppose, plaintiff seeks to exclude (i) any reference, testimony, or evidence suggesting that plaintiff made detailed journal entries to assist in negotiating post-employment compensation, arguing that the reason for maintaining such a journal is irrelevant and could mislead and confuse the jury (No. 2); (ii) defendants' Exhibit D, the Declaration of Seong-Min Ko ("Pastor Ko"), due to lack of relevance and foundation, as plaintiff claims she was not able to question Pastor Ko or understand the declaration's production process (No. 4); (iii) defendants' Exhibit E, records of her church tithes and offerings, which defendants offer to show specific dates plaintiff was at church, due to lack of relevance and foundation (No. 5); (iv) defendants' Exhibit G, photographs of her at church or outdoors, as irrelevant to her work hours and wages and potentially misleading to the jury (No. 6); (v) defendants' Exhibit I, family travel and reservation records, due to lack of relevance and foundation (No. 7); (vi) defendants' Exhibit J, family photographs, due to irrelevance, lack of authentication, and potential to waste time with cumulative evidence (No. 8); (vii) defendants' Exhibit K, documents related to the children's summer camp, as irrelevant and containing hearsay (No. 9); and (viii) defendants' Exhibit L, documents related to the children's soccer games, due to lack of relevance and authentication, and potential hearsay issues (No. 10).

Defendants first object to plaintiff's motion *in limine* No. 2. Defendants assert that plaintiff's journal entries are "central" to her claims, and that the circumstances under which they were written – including whether they were prepared in anticipation of litigation – pertain directly to the journals' reliability and plaintiff's credibility. (Defs.' Resp. at 3-5). Although plaintiff's damages theory relies heavily on the journals as accurate records of the tasks she performed and the time she spent performing them, defendants argue that plaintiff's own deposition testimony undermines the reliability of her journals. (Id. at 4). From the information

4

before the Court, it appears as if plaintiff began keeping these journal entries at a point in time when she realized she was not being properly paid by the defendants and she began to keep contemporaneous records of her time and work schedules. In her deposition, plaintiff admitted she began writing the journal entries in anticipation of negotiating compensation after her employment ended. (ECF No. 34-1 at 3-4 (excerpt of plaintiff's deposition testimony)).

Defendants argue that allowing the journal entries to be admitted, but excluding evidence about their origin, would prevent the jury from properly evaluating the weight to be afforded to the information maintained in the journals. (Defs.' Resp. at 5). Defendants posit that plaintiff's argument that evidence regarding why the journal entries were created is prejudicial should be discounted, because Federal Rule of Evidence 403 permits exclusion of relevant evidence only where any unfair prejudice substantially outweighs its probative value. (Id. at 5). In this instance, the Court agrees. Here, given the utter lack of records maintained by the defendants despite the requirements of the FLSA and NYLL, the journal entries, if created contemporaneously, would be highly probative of plaintiff's hours worked and tasks performed. Even if the jury were to adopt defendants' argument that the circumstances of their preparation are suspect[4] and probative of plaintiff's credibility, any prejudice would be a "natural consequence of presenting relevant impeachment material." (Id.)[5] The Court therefore denies

---

[4] The jury may in fact determine that plaintiff's decision to record her time because she realized she was not being properly paid was more than justified and not draw any negative inference from the circumstances of the journals' preparation. In any event, the circumstances of the journals' preparation are not so prejudicial as to warrant preclusion.

[5] Defendants also question whether plaintiff's deposition testimony presents a threshold issue of whether the journals are admissible as substantive evidence at all. (Id. at 5). The journals must be considered hearsay under Federal Rule of Evidence 801(c) if plaintiff intends to offer them for the truth of the matter asserted therein, including the hours plaintiff worked. (Id.) Defendants list three possible hearsay exceptions plaintiff could use to bring the journals into evidence: Rule 803(6) (business records), Rule 803(5) (recorded recollection), and Rule 803(1) (present sense impression). (Id.) Each of these hearsay exceptions, however, is premised on certain foundational requirements – such as that the records were made as a part of a regularly conducted activity, that making such records was a regular practice, that the records were created in the ordinary course of business, or that they demonstrate circumstantial trustworthiness – that are potentially undermined by plaintiff's admission in

plaintiff's motion *in limine* No. 2 to the extent that she seeks to prevent defendants from exploring her rationale for creating these records. Of course, prior to seeking admission of these journals into evidence, plaintiff will need to lay the appropriate foundation and provide a basis for their admissibility.

Defendants also object to plaintiff's motions *in limine* Nos. 4 through 10, on the grounds that the evidence plaintiff seeks to exclude is in fact relevant to determining plaintiff's actual hours worked, which is core to her theory of damages. Specifically, defendants argue that: (i) Pastor Ko's declaration (No. 4) is relevant to plaintiff's availability to work and contradicts her claimed work schedule; (ii) church tithing records (No. 5) are relevant to plaintiff's whereabouts and hours worked; (iii) photographs of plaintiff outside the home (No. 6) are probative of whether she was working; (iv) family travel records (No. 7) demonstrate periods when plaintiff could not have been working; (v) family photographs (No. 8) show non-working periods and are relevant to plaintiff's claimed hours; (vi) camp records (No. 9) are relevant to plaintiff's availability and contradict her claimed hours; and (vii) soccer and activity records (No. 10) are relevant and admissible to show reduced work hours. (Defs.' Resp. at 5-9).

Under the FLSA and NYLL, it is the defendant-employers' responsibility – not plaintiff-employees' – to maintain precise records. Santillan v. Henao, 822 F. Supp. 2d 284, 294 (E.D.N.Y. 2011). To the extent that defendants' records are deficient in any way, the plaintiff-employee need only submit "sufficient evidence from which violations of the [FLSA] and the amount of an award may be reasonably inferred." Chichinadze v. BG Bar Inc., 517 F. Supp. 3d 240 (S.D.N.Y. 2021) (internal citations omitted). The trier of fact is entitled to consider

---

deposition that she prepared the journals in anticipation of disputing compensation and severance. (Id.) The Court reserves decision on the admissibility of the journals pending further development of the factual record at trial. Even if not admissible as evidence, the journals may be used to refresh plaintiff's recollection at trial, assuming plaintiff is able to establish all other requirements for that purpose.

6

plaintiff's own recollection of hours worked. Santillan v. Henao, 822 F. Supp. 2d at 294 (holding that plaintiff can meet their burden of showing that they performed work that was not properly compensated "by relying on recollection alone") (collecting cases); Feng v. Kelai Corp., 727 F. Supp. 3d 423, 444 (S.D.N.Y. 2024), appeal dismissed (June 13, 2024) (holding that "where an employer's payroll records are inaccurate or incomplete," plaintiff's burden to show improperly compensated work "is not high and may be satisfied through an employee's estimates based on his own recollection" (internal quotation marks omitted)); see Hernandez v. Jrpac Inc., No. 14 CV 4176, 2016 WL 3248493, at *27 (S.D.N.Y. June 9, 2016). Under the FLSA, if an employee submits sufficient evidence suggesting FLSA violations and a sum of damages, the burden shifts to the employer to rebut the plaintiff's evidence with evidence either showing the precise hours worked or disproving the reasonableness of plaintiff's recollection. Chichinadze v. BG Bar Inc., 517 F. Supp. 3d at 252 (internal quotation marks omitted). Such evidence may include onboarding documents, tax forms, paystubs, and timesheets, among other types of evidence. See Ballast v. Workforce7 Inc., No. 20 CV 3812, 2023 WL 3301839, at *3 (S.D.N.Y. May 8, 2023).

Courts employ the same burden-shifting framework to determine liability under the NYLL and the FLSA. Under the NYLL, however, "an employer who fails to keep accurate records shoulders a more stringent burden of proof." Chichinadze v. BG Bar Inc., 517 F. Supp. 3d at 253 (collecting cases); N.Y. Lab. Law § 196-a(a). "By its terms, the NYLL – unlike the FLSA – does not permit an employer to discharge this burden by undermining the reasonableness of an employee's evidence that [she] was underpaid." Gamero v. Koodo Sushi Corp., 272 F. Supp. 3d 481, 498 (S.D.N.Y. 2017), aff'd, 752 F. App'x 33 (2d Cir. 2018). Rather, under the NYLL, an employer must demonstrate by a preponderance of the evidence that it in

7

fact properly paid its employees "wages, benefits and wage supplements." N.Y. Lab. Law § 196-a(a); see Hernandez v. Jrpac Inc., No. 14 CV 4176, 2016 WL 3248493, at *36 (S.D.N.Y. June 9, 2016). Thus, "[i]f an employer cannot satisfy its burden under the FLSA, it cannot satisfy th[is] 'more demanding burden' of the NYLL." Canelas v. World Pizza, Inc., No. 14 CV 7748, 2017 WL 1233998, at *9 (S.D.N.Y. Mar. 31, 2017) (quoting Doo Nam Yang v. ACBL Corp., 427 F. Supp. 2d 327, 337 n.15 (S.D.N.Y. 2005)).

Here, defendants failed to maintain records of the hours plaintiff worked, and plaintiff's allegations of the periods of employment and hours worked are based on her own recollections, including her journal entries. Under the FLSA and NYLL burden-shifting frameworks, defendants must therefore produce records to negate plaintiff's claims, either to undermine plaintiff's recollections of her hours and payment (as relevant for the FLSA) or to show by a preponderance of the evidence that defendants properly paid plaintiff (as relevant for the NYLL). Defendants claim the records and photographs show that she was not working at certain times she claims she was working. While the defendants may seek to introduce evidence designed to show that plaintiff could not have been working during certain hours when she claimed to be working, including evidence of her involvement in non-work-related activities, as potentially probative of the number of hours plaintiff actually worked, see Fed. R. Evid. 401, defendants have not established which specific dates and hours they claim plaintiff was not working, and many of the photographs challenged in motions *in limine* Nos. 6 and 8 are not dated. Without being dated, the photographs of plaintiff outside the home (No. 6) or of the family (No. 8) are not probative of plaintiff's location or work hours on certain dates.[6] The church tithing records (No.

---

[6] Some of the photographs appear to be screenshots from the iPhoto app with dates automatically installed on the photograph, reflecting the date that the photograph was taken. (E.g., Defs.' Ex. G at D0023 (photo of plaintiff with relatives visiting); Defs.' Ex. J at D0026-D0028, D0030, D0032-D0038, D0043-D0051, D0058,

8

5), family travel records (No. 7), camp records (No. 9), and soccer and activity records (No. 10) are also all hearsay, such that it is incumbent on defendants to provide a foundation under which hearsay exception they seek to admit these records. Defendants' insistence that these photographs and records are not hearsay and that they can sidestep the rule against hearsay by offering these records for purposes of showing the locations, timing, and schedule of various events and activities (see Defs.' Resp. at 8-9) misunderstands the concept of hearsay. If defendants seek to offer specific photographs, they are directed to specify which dates they dispute plaintiff was working, supply dates for each photograph they are attempting to bring into evidence, and provide a proffer of foundational proof for all exhibits challenged through motions *in limine* Nos. 5 through 10. Absent the requisite foundation, the Court will preclude the introduction of these photographs.

With respect to motion *in limine* No. 4, to the extent that defendants seek to admit Pastor Ko's declaration into evidence at trial, defendants have failed to demonstrate the admissibility of the declaration or explain under what exception to the hearsay rule they believe the declaration becomes admissible. See Fed. R. Evid. 802 (prohibiting out-of-court statements offered as evidence to prove the truth of the matter asserted therein as inadmissible hearsay). Although defendants argue that plaintiff's motion to preclude the declaration should be denied because plaintiff chose not to depose Pastor Ko or conduct additional discovery (Defs.' Resp. at 6), plaintiff's decision not to pursue additional discovery does not waive her right to cross-examine

---

D0063-D0068, D0080-D0083, D0102-D0103 (photos of family)). These may be admissible subject to testimony establishing their relevance. Others appear to have dates that have been added after the fact (e.g., Defs.' Ex. G at D0006, D0024 (photos of plaintiff and various others); these dates are hearsay, and again the issue of relevance would need to be established. Others have no date at all (e.g., Defs.' Ex. G at D0001-D0005, D0007-D0012 (photos of plaintiff out of the home); Def.'s Ex. H at D0013-D0018 (photos of plaintiff's apartment); Defs.' Ex. N at D0249 (photo of posters of New York and federal labor laws)), and their relevance and admissibility would need to be established through witness testimony. Any handwritten commentary on any of the above photographs (e.g., Defs.' Ex. J at D0026-D0028) is also hearsay, and relevance and foundation for the admissibility of those hearsay comments, as well as for the photographs, would need to be established at trial.

witnesses at trial, nor does it waive the presumption against hearsay. If defendants seek to introduce testimony from Pastor Ko, defendants must either call him as a witness at trial or, if they seek to admit the declaration itself, satisfy the requirement that the declarant be unavailable to testify at trial. See Fed. R. Evid. 804(a). In the joint pretrial order, defendants list Pastor Ko as a witness who will appear to testify in person. (ECF Nos. 28, 36). Accordingly, the declaration is precluded as inadmissible hearsay. Plaintiff's motion *in limine* No. 4 is granted.

The Court therefore grants plaintiff's motions *in limine* Nos. 1, 3, 4, and 11; and denies plaintiff's motion *in limine* No. 2. As for motions *in limine* Nos. 5, 6, 7, 8, 9, 10, the challenged documents will not be admitted subject to defendants' offer of proof as set forth herein. If defendants are able to provide a sufficient proffer of foundational basis for any of the excluded exhibits, the Court may reconsider its decision to exclude certain evidence.

## II.  Defendants' Motions *in Limine*

Defendants submitted a motion *in limine* requesting that plaintiff be precluded from introducing three categories of evidence at trial: (i) materials produced after the close of fact discovery; (ii) data from the U.S. Bureau of Labor Statistics; and (iii) the photographs of clothing in plaintiff's Exhibit 15. (Defs.' Mem.;[7] Yang Decl.;[8] Brown Decl.[9]).

First, defendants argue that the late-disclosed evidence, including photographs and website screenshots, lacks foundation and is inadmissible under Federal Rule of Civil Procedure 37(c)(1); that the delay in disclosure was neither justified nor harmless; and that admitting the

---

[7] Citations to "Defs.' Mem." refer to Defendants' Memorandum in Support of Defendants' *Motion in Limine*, filed November 26, 2025. (ECF No. 31-7 (redacted); ECF Nos. 32, 33 (unredacted)). Defendants filed a redacted version of the Memorandum at ECF No. 31-7, and seem to have filed the unredacted version twice at ECF Nos. 32 and 33.

[8] Citations to "Yang Decl." refer to the Declaration of Steven Yang in Support of Defendants' Motion *in Limine*, filed November 26, 2025. (ECF No. 31-1).

[9] Citations to "Brown Decl." refer to the Declaration of William Brown, Esq. in Support of Defendants' Motion *in Limine*. (ECF No. 31-2).

late-disclosed evidence would require reopening discovery, causing delays and prejudice.  The fact discovery deadline was July 14, 2025, but plaintiff failed to produce various documents until November 17, 2025, more than four months later.  (Defs.' Mem. at 4).  In her response, plaintiff neither explains nor defends the delay.  (See Pl.'s Resp.[10]).

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  "The purpose of the rule is to prevent the practice of 'sandbagging' an adversary with new evidence."  Ventra v. United States, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000).  "[I]t is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with the Rule was either justified or harmless and therefore deserving of some lesser sanction."  Design Strategy, Inc. v. Davis, 469 F.3d 284, 297-98 (2d Cir. 2006).  Since plaintiff has failed to show that her late disclosure of evidence was justified or harmless, the Court therefore declines to consider any evidence submitted after the close of fact discovery (including Exhibits A and B to the Declaration of William Brown, Esq.) as precluded by Rule 37(c)(1) of the Federal Rules of Civil Procedure.

Second, defendants assert that statistical data from the U.S. Bureau of Labor Statistics ("BLS") offered to demonstrate the average adult's or parent's daily schedule is irrelevant and potentially misleading, as it requires expert testimony under Federal Rule of Evidence 702 to explain its meaning, which plaintiff has not provided; moreover, plaintiff failed to disclose her intention to introduce this evidence during discovery.  (Defs.' Resp. at 6-7).  Since plaintiff failed to timely produce this data during discovery as required by Rule 26, and did not proffer an

---

[10] Citations to "Pl.'s Resp." refer to Plaintiff's Responses to Defendants' Motion *in Limine*, filed December 3, 2025.  (ECF No. 35).

11

expert to explain its relevance to the jury, the Court precludes the BLS statistical data pursuant to Rule 37(c)(1) for the reasons stated above. Additionally, the Court precludes it as lacking probative value: generalized national averages about the typical adult or parent's daily schedule have no bearing on plaintiff's specific job duties or work hours. See Fed. R. Evid. 401.

Third, defendants seek to preclude plaintiff's Exhibit 15, photographs of clothing from retail stores that are not owned by defendants. (See ECF No. 31 (redacted); ECF No. 32-1 (unredacted)). Defendants object to these photographs based on an assumption, grounded in discussions with plaintiff's counsel, of how plaintiff intends to use the photographs at trial. (Defs.' Mem. at 7).[11] Plaintiff claims that she intends to introduce the photos of the clothes to "show the work Plaintiff performed under Defendants' direction," "including shipping clothes." (Pl.'s Resp. at 2). Defendants' "mere speculation" on plaintiff's intended use for the photographs, plaintiff argues, is insufficient to exclude them. (Id. at 2-3).

While plaintiff alleges that she performed certain tasks for defendant related to the defendant's clothing business, photographs of clothing from unrelated stores are irrelevant to the hours expended by plaintiff in packing, unpacking, and shipping clothes for defendants. Moreover, the photographs themselves merely depict a handful of crumpled clothing with visible tags and, in certain photographs, package labels addressed to defendant Katy Lee. Plaintiff does not herself appear in the photos. The Court determines these photos are not probative of the claims at issue in this trial, but even if they were, the risk of prejudice to defendants and confusion for the jury outweighs any probative value. See Fed. R. Evid. 401, 403.

---

[11] Defendants assert that, during discovery, plaintiff "produced photographs of articles of clothing from unrelated retail stores and suggested that" defendants engaged in some wrongdoing, an allegation that plaintiff's counsel repeated during discussions with defense counsel. (Defs.' Mem. at 7). Defendants are concerned that if plaintiff were permitted to introduce these photographs to the jury, it would invite potential insinuation and/or allegations that defendants engaged in some wrongdoing. Any such allegations, they argue, would be irrelevant to the FLSA and NYLL claims at issue in this case and could unfairly prejudice the jury, potentially leading to collateral disputes and harm to defendants' reputation.

The Court grants defendants' motion *in limine*. Photographs of clothing from unrelated stores are not relevant, and the Court precludes all other evidence defendants seek to exclude as late-disclosed and, for the BLS statistical data, irrelevant.

### III. Defendants' Motion to File Under Seal

Defendants also seek to file their unredacted Memorandum and Exhibit D (the photographs of clothes in plaintiff's Exhibit 15) under seal. (ECF No. 30). The Court grants defendants' motion to file under seal and permits the unredacted Memorandum and Exhibit D to remain on the docket under seal.

### IV. Plaintiff's Wage Theft Prevention Act Claim

In her Complaint, plaintiff claims that defendants violated the Wage Theft Prevention Act ("WTPA"), N.Y. Lab. Law §§ 195(1), 195(3), which requires employers to provide employees with notices regarding their wages at the time of their hiring as well as regular wage statements. (ECF No. 1 ¶¶ 88-92, 93-96). The wage notice must be provided in written English and the employee's primary language and contain the rate or rates of pay, whether the employee was to be paid by the hour, shift, day, or week, any allowances claimed as part of the minimum wage, the regular pay day, the name of the employer, the physical address of the employer's main office, and the employer's telephone number in both English and the employee's primary language, if different from English. N.Y. Lab. Law § 195(1)(a). The wage statement must contain certain statutorily specified elements, including: the dates of work covered by that payment of wages; the names of employee and the employer; the employer's address and phone number; rate or rates of pay and basis thereof; whether the employee was paid by the hour, shift, day, week, etc.; gross and net wages; deductions; any allowances, if any, claimed as part of the minimum wage; etc. N.Y. Lab. Law § 195(3).

The Supreme Court explained in TransUnion LLC v. Ramirez, that "Congress's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III." 594 U.S. 413, 426 (2021). The Supreme Court clarified that "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." Id. at 427 (emphasis in original). Applying TransUnion to WTPA claims, the Second Circuit in Guthrie v. Rainbow Fencing Inc. recently declared that in order to bring a claim under Section 195 of the NYLL, "a plaintiff must show some causal connection between the lack of accurate notices and the downstream harm." 113 F.4th 300, 308 (2d Cir. 2024). Thus, after Guthrie, alleging only a statutory violation of the WTPA is insufficient. Instead, a plaintiff sufficiently alleges an injury-in-fact when he claims, for example, that the failure to notify "prevented the employee from obtaining full payment of wages in a timely fashion." Id. at 309.

Although no motion to dismiss this claim was filed, the Court raises the issue *sua sponte* because the absence of standing raises a question as to whether the Court has subject matter jurisdiction over the claim. A review of the allegations in the Complaint demonstrates that, apart from reciting the statutory language and claiming that no wage notice or statements were provided at the time of hire or at any time during her employment, plaintiff has failed to allege any facts demonstrating that she suffered an injury in fact as a result of the lack of notice or statements. (ECF No. 1 ¶¶ 90-92 (alleging that "Defendants intentionally failed to provide notice to the employee in violation of [NYLL] § 195"; "Defendants not only failed to provide notice to each employee at the Time of Hire but also failed to provide notice to the plaintiff even after the fact"; and "[d]ue to Defendant's violations of New York Labor Law, Plaintiff is entitled

14

to recover from Defendant [sic], jointly and severally, $50 for each workday that the violation occurred or continues to occur, up to $50,000"); ECF No. 1 ¶¶ 95-96 (alleging that "Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to the compensation of plaintiff and did not provide the paystub on or after Plaintiff's payday"; and "[d]ue to Defendant's violations of New York Labor Law, Plaintiff is entitled to recover from Defendant, jointly and severally, $250 for each workday of the violation, up to $5,000"). Pursuant to the Second Circuit's holding in Guthrie, the Court is constrained to dismiss plaintiff's WTPA claims without prejudice for lack of standing.[12]

## CONCLUSION

As set forth above, the Court grants defendants' motions *in limine*; grants plaintiff's motions *in limine* Nos. 1, 3, 4, and 11; denies plaintiff's motion *in limine* No. 2; and excludes the documents challenged in plaintiff's motions *in limine* Nos. 5, 6, 7, 8, 9, and 10, although if defendants are able to provide a sufficient proffer of foundational basis for any of the excluded exhibits, the Court may reconsider its decision to exclude certain evidence.  Defendants are directed to specify which dates they dispute plaintiff was working, supply dates for each photograph challenged in plaintiff's motions *in limine* Nos. 6 and 8, and provide a proffer of foundational proof for all exhibits challenged through motions *in limine* Nos. 5 through 10.

Additionally, Defendants' motion to seal the unredacted Memorandum and Exhibit D is also granted.

---

[12] Given that the trial is set to begin in less than three days, amending the Complaint at this late date would not be a reasonable solution, particularly since the trial has been set since October 24, 2025 and this issue could have been dealt with long before now.  In lieu of amending the Complaint, plaintiff's counsel suggested at the final pretrial conference that his client could submit a declaration explaining the impact of the lack of notice and the injury caused thereby.  Defendants objected and indicated in the joint pre-trial order that they dispute standing for the WTPA claims.  The issue of standing must be determined by reference to the pleadings; a declaration at this time cannot cure the jurisdictional defect.

Finally, the Court dismisses without prejudice plaintiff's WTPA claims alleging violations of the wage notice and wage statement requirements for lack of standing.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
December 12, 2025

/s/ Cheryl L. Pollak

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York