UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JONG BU WANG,

                Plaintiff,

        -against-

KEEPER HOLDINGS, INC., *et al.*,

                Defendants.
------------------------------------------------------------X

**ORDER**
24 CV 672 (CLP)

**POLLAK**, United States Magistrate Judge:

During the course of the final pretrial conference held on December 12, 2025, a number of issues were discussed relating to the parties' proposed jury instructions and verdict sheets. Having considered the parties' arguments, the Court rules as follows:

I.    Good Faith Determination

Plaintiff has proposed a charge asking the jury to determine if defendants acted in good faith in implementing their pay policies with respect to plaintiff. Defendants countered by arguing that the determination of whether defendants acted in good faith and whether liquidated damages should be imposed was a question left to the court and not within the purview of the jury. The Court gave counsel an opportunity to present case authority in support of their respective positions. By email dated December 12, 2025, defendants indicated that they had been unable to locate authority in support of their position.

Courts in this circuit routinely submit the question of good faith to the jury. In Demirovic v. Ortega, this Court held that "[t]he Court is bound by the jury's finding of good faith . . . , and therefore plaintiffs are not entitled to an award of liquidated damages on their wage claims." No. 15 CV 327, 2018 WL 1935981, at *7 (E.D.N.Y. Apr. 24, 2018).

1

Other cases similarly have left the question of good faith to the jury.  See, e.g., Teoh v. Manhasset Rest., LLC, No. 22 CV 4110, 2025 WL 3225038, at *1, *8 (E.D.N.Y. Nov. 18, 2025) (recounting that "[t]he jury also determined that Defendants' NYLL wage violations were 'good faith' mistakes, and, as a result, the parties submitted post-verdict damages calculations that excluded liquidated damages"); Cabrera v. Dream Team Tavern Corp., No. 12 CV 6323, 2016 WL 6208245, at *3 (E.D.N.Y. Apr. 29, 2016) (providing a jury charge in wage claims case for good faith and willfulness);  Ortega v. 2&5 Line Deli Grocery, Inc., No. 22 CV 9170, 2025 WL 3469951, at *2, *6 (S.D.N.Y. Dec. 3, 2025) (discussing jury charge given regarding liquidated damages and stating that "the jury necessarily made each factual finding to award Plaintiff liquidated damages as a matter of law" and found that "Defendants did not act in good faith"). See also Aguilar v. Ham N Eggery Deli Inc., No. 15 CV 2781, 2019 WL 4247228, at *8-9 (E.D.N.Y. Sept. 5, 2019) (refusing to overturn a jury's finding as to good faith and liquidated damages for wage claims).

Courts considering the question of good faith in the context of a motion for summary judgment apply a "reasonable juror" standard in analyzing whether a defendant acted in good faith.  See, e.g., Jindan Wu v. Natural Tofu Rest. Corp., No. 16 CV 3613, 2018 WL 1009274, at *10 (E.D.N.Y. Feb. 20, 2018) (finding plaintiff was entitled to liquidated damages at summary judgment because "no reasonable jury could find that they acted reasonably and in good faith in attempting to comply with their obligations under the FLSA or the NYLL"); see also Mangahas v. Eight Oranges Inc., 754 F. Supp. 3d 468, 509 (S.D.N.Y. 2024) (denying summary judgment because there were no "grounds on which a reasonable jury could find that Defendants had [a] good faith basis to believe that [their] underpayment of wages was in compliance with the law" (citation and quotation omitted)); Khereed v. West 12th Street Rest. Grp. LLC, No. 15 CV 1363,

2016 WL 590233, at *6 (S.D.N.Y. Feb. 11, 2016) (denying summary judgment because a "reasonable jury could conclude that [employer] attempted in good faith to comply with the NYLL's wage statement requirements").

Accordingly, because the Court finds that the question of whether a defendant acted in good faith to comply with the wage and hour laws raises a quintessential question of fact for the jury to decide, the Court will instruct the jury and ask them to determine if defendants acted in good faith.  Their finding will determine whether plaintiff is entitled to liquidated damages on any claims.

II.    Presumption and Regular Rate of Pay

The parties dispute the method for calculating plaintiff's regular rate of pay in order to determine whether plaintiff was properly paid minimum wages and overtime.  Defendants rely on 12 N.Y.C.R.R. § 142-2.16 to argue that in calculating plaintiff's "regular rate of pay," the jury should be asked to divide plaintiff's weekly pay of $750 by the total number of hours plaintiff worked in a week.  Plaintiff agrees that under the NYLL, for non-hospitality workers, the regular pay rate is calculated in this manner.  (ECF No. 46).  However, plaintiff contends that under the NYLL and FLSA, there is a rebuttable presumption that a weekly salary covers only the first 40 weeks of work, unless the parties have agreed otherwise.  (Id. (citing Ahn v. Sun Cleaners Inc., No. 19 CV 5919, 2022 WL 586022 (E.D.N.Y. Feb. 18, 2022); Pinovi v. FSS Enters., Inc., No. 13 CV 2800, 2015 WL 4126872, at *4 (S.D.N.Y. July 8, 2015))).  Thus, plaintiff argues that this presumption should apply in this case and the jury should be so advised.

In Ahn, the plaintiff, a delivery worker for a dry cleaner, brought claims under the FLSA and NYLL for unpaid overtime and spread-of-hour pay.  2022 WL 586022. When defendants defaulted, the court was asked to consider what the employee's regular rate of pay was in order to determine damages.  Acknowledging that under the NYLL, the regular rate of pay is

3

determined by dividing the weekly salary by the total hours worked during the week, the Court nonetheless explained that "both the NYLL and the FLSA . . . carry a rebuttable presumption that a weekly salary covers only the first 40 hours of work, unless the parties have agreed otherwise." Id. at *7-8 (citing cases). While an employer may rebut the presumption by producing a written agreement or a memorandum summarizing an oral agreement to the contrary, in the absence of such evidence, the "'entire course of [the parties'] conduct, based on the testimonial and documentary evidence in the record,'" may be considered in determining what the parties understood the agreement to be. Id. at *8 (alteration in original) (internal quotation omitted) (quoting Jiao v. Shi Ya Chen, No. 03 Civ. 0165, 2007 WL 4944787, at *13 (E.D.N.Y. Mar. 30, 2007).  However, it is clear that "[e]vidence of only one party's intention or understanding will not be enough." Saldarriaga Saldarriaga v. IND Glatt, Inc., No. 17 CV 02904, 2019 WL 1332887, at *4 (E.D.N.Y. Mar. 25, 2019) (citations and quotations omitted).

In Ahn, because the defendants had defaulted and not appeared to present any evidence, the court accepted plaintiff's testimony that there were no set hours of work, concluding that, in the absence of any evidence of a mutual understanding between employee and employer as to the number of hours intended to be covered by his weekly salary, the presumption that the weekly salary covered only his first 40 hours applied. 2022 WL 586022, at *8.  Cf. Hernandez v. J & M Corona Deli Corp., No. 23 CV 9120, 2025 WL 2597767, at *8-9 (E.D.N.Y. Aug. 13, 2025) (finding the presumption did not apply where it was reasonable to infer from the parties' course of conduct that they intended the weekly salary to compensate plaintiff for the 56 hours plaintiff regularly worked each week), report and recommendation adopted by, 2025 WL 2591538 (E.D.N.Y. Sept. 8, 2025).

Defendants counter that Ahn and Pinovi are inapplicable here, where plaintiff has agreed to dismiss her single claim under the FLSA at the close of trial, because both of those cases involve either FLSA or hybrid FLSA/NYLL claims.  (ECF No. 47).  Instead, defendants cite several recent cases in this district in which courts have adhered to the regulatory text of 12 N.Y.C.R.R. § 142-2.16, which does not presume a 40-hour work week.  See Albim v. 1656 Wireless Inc., No. 23 CV 1732, 2025 WL 2791384 (E.D.N.Y. Sept. 8, 2025) (expressly rejecting plaintiffs' attempt to calculate the regular rate by dividing a fixed weekly salary by 40 hours, holding that such a method is "the method of calculation permitted for hospitality employees pursuant to the NYLL Hospitality Industry Wage Order" and does not apply to non-hospitality employees); see also Kim v. J&J Safetymate Corp., No. 22 CV 1070, 2025 WL 1384135 (E.D.N.Y. May 13, 2025); Sanchez v. Ms. Wine Shop Inc., 643 F. Supp. 3d 355 (E.D.N.Y. 2022); Jacome v. Optical 49, Inc., No. 20 CV 2615, 2021 WL 3375134 (E.D.N.Y. July 9, 2021), report and recommendation adopted by, 2021 WL 3373130 (E.D.N.Y. Aug. 3, 2021); Perez Campos v. Quentin Mkt. Corp., No. 16 CV 5303, 2018 WL 9945754 (E.D.N.Y. Oct. 17, 2018).

In the instant case, the Court reserves ruling on whether a presumption applies that plaintiff's weekly salary covers only the first 40 hours of work.  Rather, the jury will be asked to determine whether plaintiff was expected to work more than 40 hours per week and whether defendants have proved by a preponderance of the evidence that the $750 per week was intended by both parties to cover all hours worked or only 40 hours per week.  Depending on the jury's determination, the Court will calculate damages in accordance with the finding.

III.    Other Rulings

As discussed at the final pretrial conference, the parties have agreed that the jury will only be instructed as to the legal requirements necessary to find violations of the NYLL.  The plaintiff has agreed to dismiss the FLSA claims at the end of the trial.

In addition to this agreement, the parties have stipulated that individual defendants qualify as "employers" under the NYLL, so the jury will only be asked to determine if the corporate defendant, Keeper Holdings, Inc., is an "employer" under the NYLL.

In the event that the jury finds for plaintiff on liability, the parties have agreed to prepare fillable charts for the jury to determine on a week-by-week basis the number of hours plaintiff actually worked. From those charts, the Court will determine damages.

The plaintiff has also asked for spread-of-hours damages. The parties are directed to include a column on the charts asking, for each week worked, the number of days the jury finds that plaintiff worked more than 10 hours. From that, the Court will calculate spread-of-hours pay based on the applicable minimum wage. The Court notes, however, that as the parties have stipulated, the spread-of-hours provision under the NYLL applies only to workers earning the minimum wage or below. 12 N.Y.C.R.R. § 142-2.4; Sosnowy v. A. Perri Farms, Inc., 764 F. Supp. 2d 457, 473 (E.D.N.Y. 2011). (ECF No. 28-1 at 2). If plaintiff proves that she was not paid minimum wages under the NYLL, and that, at times, she worked more than 10 hours per day, the jury will be instructed to determine how many days she did not receive spread-of-hours pay.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
December 15, 2025

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

6