UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jong Bu Wang<br><br>                Plaintiff,<br>v.<br><br><br>Keeper Holdings, Katy Lee, and Steven Yang<br><br>                Defendants, | Index No. 24-CV-00672 |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO AMEND THE JUDGMENT
PURSUANT TO FED. R. CIV. P. 59(e)**

Ryan Kim, Esq.
Ryan Kim Law, PC
222 Bruce Reynolds Blvd. Ste 490
Fort Lee, NJ 07024
Tel.: (201) 897-8787

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................... ii-v

PRELIMINARY STATEMENT ....................................................................... 1

STATEMENT OF FACTS ................................................................................ 2

ARGUMENT....................................................................................................... 2

I. PLAINTIFF IS ENTITLED TO RECOVER ATTORNEYS' FEES AND COSTS UNDER THE FLSA AND NYLL…………………………………………………….. 2

II. PLAINTIFF'S COUNSEL'S HOURLY RATES AND TIME EXPENDED ARE REASONABLE.... 2

    A. RKL's Hourly Rates Are Reasonable................................................................... 3

        1. RKL's Clients Actually Pay Its Rates ............................................. 4
        2. Policy Supports Awarding RKL Its Regular Hourly Rates ............................ 10

        3. The Remaining *Johnson* Factors Favor the Requested Hourly Rates................. 13

        4. RKL Obtained a Favorable Outcome for Plaintiffs......................................... 14

    B. RKL Expended Reasonable Amounts of Time and Resources Prosecuting this Matter..................................................................................................... 14

III. PLAINTIFF IS ENTITLED TO REIMBURSEMENT OF COSTS INCURRED IN THE ACTION................................................................................................. 16

CONCLUSION.................................................................................................. 17

# TABLE OF AUTHORITIES

**Cases**

*Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany & Albany County Board of Elections*, 522 F.3d 182 (2d Cir. 2008) ............................. 3, 4, 5, 9

*Beckman v. Keybank*, 293 F.R.D. 467 (S.D.N.Y. 2013) ..................................................... 11

*Blum v. Stenson,* 465 U.S. 886 (1984) ............................................................................ 3, 5

*Brown v. Green 317 Madison, LLC*, No. 11-CV-4466 (ENV), 2014 WL 1237448, at *1 (E.D.N.Y. Feb. 4, 2014), *report and rec. adopted*, No. 11-CV-4466 (ENV)(CLP), 2014 WL 1237127, at *1 (E.D.N.Y. Mar. 25, 2014) ............................... 4

*Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) ..................................... 12

*Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326 (1980) ........................................................ 11

*Douyon v. New York Medical Health Care, P.C.*, 49 F. Supp. 3d 328 (E.D.N.Y. 2014), *judgment entered*, No. CV 10-3983 AKT, 2015 WL 5821499 (E.D.N.Y. Sept. 30, 2015) ............................................................................................................. 7

*Ebbert v. Nassau County*, No. 05 Civ. 5445 (AKT), 2011 WL 6826121, at *1 (E.D.N.Y. Dec. 22, 2011) ............................................................................................ 13

*Epstein Becker & Green, P.C. v. East Buffet, Inc.*, No. 102459/10 (Sup. Ct., N.Y. Co. 2010) .............................................................................................................. 7

*Epstein Becker & Green, P.C. v. Mary Catherine DiNunzio*, No. 158794/12 (Sup. Ct., N.Y. Co. 2012) ........................................................................................... 6

*Epstein Becker & Green, P.C. v. Siegmund Strauss, Inc.,* No. 156376/12 (Sup. Ct., N.Y. Co. 2012) .............................................................................................. 6

*Epstein Becker & Green, P.C. v. World Cable, Inc.,* No. 156378/12 (Sup. Ct., N.Y. Co. 2012) ........................................................................................................... 6

*Eren v. Gulluoglu*, No. 15 Civ. 4083, Dkt. No. 68 (E.D.N.Y. June 29, 2018) ................... 8, 9

*Farrar v. Hobby*, 506 U.S. 103 (1992) .................................................................................. 14

*Fisher v. SD Prot. Inc.*, 948 F.3d 593, 604 (2d Cir. 2020) ...................................................... 12

*Garcia v. Good for Life by 81, Inc.*, No. 17-CV-07228(BCM), 2018 WL 3559171, at *1 (S.D.N.Y. July 12, 2018) .......................................................................................... 7

*Garcia v. Village Red Restaurant Corp.*, No. 15 Civ. 6292 (S.D.N.Y. Feb. 28, 2018) ............... 9

*Gortat v. Capala Brothers*, 621 Fed. App'x. 19 (2d Cir. 2015) ............................................. 15

*Grant v. Martinez*, 973 F.2d 96 (2d Cir. 1992) ..................................................................15

*Gurung v. Malhotra*, 851 F. Supp. 2d 583 (S.D.N.Y. 2012) ..........................................................1

*Gusman v. Unisys Corp.*, 986 F.2d 1146 (7th Cir. 1993)..................................................5, 9

*Healey v. Leavitt*, 485 F.3d 63 (2d Cir. 2007)....................................................................3

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) .................................................................14, 15

*Hussain v. Burton & Doyle of Great Neck LLC*, No. 14 Civ. 5924 (E.D.N.Y. May 15, 2019) ..................................................................................................................9

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)...................................4

*KGK Jewelry LLC v. ESDNetwork*, No. 11 Civ. 9236 (LTS), 2015 WL 2129703, at *1 (S.D.N.Y. May 6, 2015) ..................................................................................13

*Khait v. Whirlpool Corp.*, No. 06 Civ. 6381, 2010 WL 2025106, at *1 (E.D.N.Y. Jan. 20, 2010)...............................................................................................2, 11

*Khalil v. Original Old Homestead Restaurant, Inc.*, 657 F. Supp. 2d 470 (S.D.N.Y. 2009) ..........................................................................................................11

*Kovach v. City University of New York*, No. 13 Civ. 7198 (LGS), 2015 WL 3540798, at *1 (S.D.N.Y. June 4, 2015)..............................................................................13

*Lilly v. County of Orange*, 910 F. Supp. 945 (S.D.N.Y. 1996) .......................................................5

*Littler Mendelson, P.C. v. Lansky's Equities Corp. et al.*, No. 156454/14 (Sup. Ct., N.Y. Co. 2014) ............................................................................................................6

*Lora v. J. V. Car Wash, LTC.*, No. 11 CIV. 9010 (AJP), 2015 WL 4496847, at *1 (S.D.N.Y. July 24, 2015), *report & rec. adopted sub nom. Lora v. J.V. Car Wash, Ltd.*, No. 11-CV-9010, 2015 WL 7302755, at *1 (S.D.N.Y. Nov. 18, 2015) ..................2, 4, 11

*Luciano v. Olsten Corp.*, 109 F.3d 111 (2d Cir. 1997) ................................................................15

*Lunday v. City of Albany*, 42 F.3d 131 (2d Cir. 1994)...............................................................15

*Luongo v. 44-37 Restaurant Corp.*, No. 13 Civ. 7420, 2017 WL 8813128, at *1 (E.D.N.Y. Dec. 19, 2017)................................................................................................12

*Maldonado v. La Nueva Rampa, Inc.*, No. 10 CIV. 8195 (LLS) (JLC), 2012 WL 1669341, at *1 (S.D.N.Y. May 14, 2012)......................................................................14

*Manley v. Midan Restaurant Inc.*, No. 14 Civ. 0697, 2017 WL 1155916, at *1 (S.D.N.Y. Mar. 27, 2017) ........................................................................................5, 6

*Mayo-Coleman v. American Sugars Holding, Inc.*, No. 14 Civ. 0079, 2019 WL 1034078, at *1 (S.D.N.Y. Mar. 5, 2019) ...................................................................12

*Mendoza v. CGY & J Corp.*, No. 15-CV-9181 (RA), 2017 WL 4685100, at *1 (S.D.N.Y. Oct. 17, 2017) .......................................................................................12

*Millea v. Metro-North R.R. Co.*, 658 F.3d 154 (2d Cir. 2011) .........................................3

*Mills v. Capital One*, 14 Civ. 1937, 2015 WL 5730008, at *1 (S.D.N.Y. Sept. 30, 2015) .....................................................................................................................5

*Orient Overseas Container v. Crystal Cove Seafood*, No. 10 Civ. 3166 (PGG) (GWG), 2012 WL 6720615, at *1 (S.D.N.Y. Dec. 28, 2012) ...................................10

*Perdue v. Kenny A.*, 599 U.S. 542 (2010) ..................................................................3, 5

*Powell v. Metro One Loss Prevention Services Group*, No.12 Civ. 4221, 2015 WL 9287121, at *1 (S.D.N.Y. Feb. 5, 2015) .......................................................12

*Quaratino v. Tiffany & Co.*, 166 F.3d 422, 427–28 (2d Cir. 1999) ..............................15

*Reiter v. MTA New York City Transit Authority*, 457 F.3d 224 (2d Cir. 2006) ............7

*Rozell v. Ross-Holst*, 576 F. Supp. 2d 527 (S.D.N.Y. 2008) ....................................5, 13

*Santillan v. Henao*, 822 F. Supp. 2d 284 (E.D.N.Y. 2011) ..........................................16

*Simmons v. New York City Transit Authority*, 575 F.3d 170 (2d Cir. 2009) ...............3

*Tacuri v. Nithin Construction Co.*, No. 14-CV-2908 (CBA)(RER), 2015 WL 790060, at *1 (E.D.N.Y. Feb. 24, 2015) .........................................................................3

*Torres v. Gristede's Operating Corp.*, No. 4 Civ. 3316 (PAC), 2012 WL 3878814, at *1 (S.D.N.Y. Aug. 6, 2012), *aff'd*, 519 Fed. App'x. 1 (2d Cir. 2013) ...............3, 13

*United States v. City of New York*, No. 07 Civ. 2067 (NGG)(RLM), 2013 WL 5542459, at *1 (E.D.N.Y. Aug. 30, 2013) ..............................................................10

*Vedder Price P.C. v. Thomas E. Connors*, No. 651477/16 (Sup. Ct., N.Y. Co. 2016) ................7

*Velandia v. Serendipity 3*, No. 16-cv-1799, 2018 WL 3418776, at *1 (S.D.N.Y. July 12, 2018) ..................................................................................................5

*Vilkhu v. City of New York*, No. 06 Civ. 2095 (CPS)(JO), 2009 WL 1851019, at *1 (E.D.N.Y. June 26, 2009), *rev'd on other grounds*, 372 Fed. App'x. 222 (2d Cir. 2010) ........................................................................................................13

**Statutes**
29 U.S.C. § 216 ..................................................................................................1, 2, 16
29 U.S.C. § 201 ...............................................................................................................1
N.Y. Lab. Law § 198 (McKinney 2018) ........................................................1, 2, 16
N.Y. Lab. Law § 663 (McKinney 2018) ........................................................1, 2, 16

Plaintiff Jong Bu Wang ("Plaintiff") submits this Memorandum of Law in Support of her Application for Attorneys' Fees and Costs (the "Application"). For the reasons below and those set forth in the accompanying Declaration of Ryan Kim[1], the Application should be granted in its entirety.

## PRELIMINARY STATEMENT

Courts in an FLSA action "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The NYLL likewise requires courts to award "all reasonable attorney's fees." N.Y. Lab. Law §§ 198(1-a), (1-d), 663(1); *see also Gurung v. Malhotra*, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012) ("Both the FLSA and NYLL are fee-shifting statutes entitling [Plaintiffs] to recover . . . reasonable attorneys' fees and costs.").

In this case, for a jury trial before Judge Pollak from December 15-18, 2025, the jury found that Defendants Katy Lee and Steven Yang ("Defendants") had violated the NYLL's overtime pay provisions of the NYLL. As the prevailing party, Plaintiff is entitled to recover reasonable attorneys' fees and costs in addition to the pending judgment. Plaintiff seeks to recover attorneys' fees and costs in the total amount of $184,975.38 as justified below and recorded in the contemporaneous billing records of Ryan Kim Law, PC ("RKL"). Kim Decl. at Ex. 1.

## STATEMENT OF FACTS

Plaintiff respectfully refers the Court to the Kim Declaration for a full recitation of the facts and procedural history relevant to this Application.

---

[1] Citations to the "Kim Decl." refer to the Declaration of Ryan Kim in Support of Plaintiff's Application for Attorneys' Fees and Costs, with its annexed exhibits. Unless otherwise stated, all defined terms used in this Memorandum have the meanings designated to them in the Kim Declaration. Exhibits to the Kim Declaration are referenced by exhibit number only (*e.g.*, "Ex. 1"). Citations to "ECF No. __" are to documents filed in the Court's Case Management/Electronic Case Files system.

# ARGUMENT

## I. Plaintiff is Entitled to Recover Attorneys' Fees and Costs under the NYLL

The FLSA and NYLL are remedial statutes designed to protect low-wage workers. "Attorneys who fill the private attorney general role must be adequately compensated for their efforts. If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk." *Khait v. Whirlpool Corp.*, No. 06 Civ. 6381, 2010 WL 2025106, at *8 (E.D.N.Y. Jan. 20, 2010). Accordingly, courts in an FLSA action "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The NYLL likewise requires courts to award costs and "all reasonable attorney's fees." N.Y. Lab. Law §§ 198(1–a), 198(1–b), 198(1–d), 663(1); *see also Gurung v. Malhotra*, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012) ("Both the FLSA and NYLL are fee-shifting statutes entitling [Plaintiffs] to recover . . . reasonable attorneys' fees and costs.").

## II. Plaintiff's Counsel's Hourly Rates and Time Expended Are Reasonable

In determining the amount recoverable as attorneys' fees, "'the typical starting point is the so-called lodestar amount, that is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Lora v. J. V. Car Wash, LTC.*, No. 11 CIV. 9010 (AJP), 2015 WL 4496847, at *4 (S.D.N.Y. July 24, 2015), *report & rec. adopted sub nom. Lora v. J.V. Car Wash, Ltd.*, No. 11-CV-9010, 2015 WL 7302755, at *1 (S.D.N.Y. Nov. 18, 2015) (quoting *Healey v. Leavitt,* 485 F.3d 63, 71 (2d Cir. 2007)); *Torres v. Gristede's Operating Corp.*, No. 4 Civ. 3316 (PAC), 2012 WL 3878814, at *1 (S.D.N.Y. Aug. 6, 2012), *aff'd*, 519 Fed. App'x. 1 (2d Cir. 2013) ("[C]ourts must consider "(1) the number of hours actually spent by counsel and other personnel 'that are deemed reasonably necessary to a successful outcome for the client,' and (2) a reasonable hourly rate for counsel."). "Both the Second Circuit and the Supreme Court have held that the lodestar… creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citation omitted); *see also Perdue v. Kenny A.*, 599 U.S. 542, 551 (2010) (noting the lodestar figure has "become the guiding light of our fee-shifting jurisprudence"). Under the

lodestar method, Plaintiff's reasonable fee award is determined by multiplying the reasonable number of hours that RKL professionals worked (which were contemporaneously recorded) by the actual hourly rate that RKL charges paying clients for each billing professional's work performed. Kim Decl. ¶ 59; *id.* at Ex. 1.

### A. RKL's Hourly Rates Are Reasonable

A "reasonable hourly rate" is the "rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections* ("*Arbor Hill*"), 522 F.3d 182, 190 (2d Cir. 2008); *Tacuri v. Nithin Constr. Co.*, No. 14-CV-2908 (CBA)(RER), 2015 WL 790060, at *12 (E.D.N.Y. Feb. 24, 2015). To determine the reasonable hourly rate under the lodestar approach, courts look "to the rates 'prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation.'" *Tacuri*, 2015 WL 790060, at *12 (quoting *Blum v. Stenson,* 465 U.S. 886, 896 n. 11 (1984)); *see generally Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170 (2d Cir. 2009). Furthermore, in determining the reasonable hourly rate, courts must also consider "all of the case-specific variables that [may be] relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate," including, but not limited to, the factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186. "In addition to the parties' evidentiary submissions, the Court may consider its own experience and familiarity with the case and with rates generally charged." *Brown v. Green 317 Madison, LLC*, No. 11-CV-4466 (ENV), 2014 WL 1237448, at

3

*5 (E.D.N.Y. Feb. 4, 2014), *report and rec. adopted*, No. 11-CV-4466 (ENV)(CLP), 2014 WL 1237127, at *1 (E.D.N.Y. Mar. 25, 2014).

1. **RKL's Clients Actually Pay Its Rates**

RKL regularly represents both employers and employees in wage-and-hour litigations. *Cf. Mills v. Capital One*, 14 Civ. 1937, 2015 WL 5730008, at *11 (S.D.N.Y. Sept. 30, 2015) ("The hourly rates used in making a fee award should be 'what a reasonable, paying client would be willing to pay.'") (citing *Arbor Hill* 522 F.3d at 184); *see also Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993) ("The best measure of the cost of an attorney's time is what that attorney could earn from paying clients."); *Rozell v. Ross-Holst,* 576 F. Supp. 2d 527, 544 (S.D.N.Y. 2008) ("[T]he range of rates that plaintiff's counsel actually charge their clients . . . is obviously strong evidence of what the market will bear."); *Lilly v. County of Orange*, 910 F. Supp. 945, 949 (S.D.N.Y. 1996) ("The actual rate that counsel can command in the marketplace is evidence of the prevailing market rate."). As the Supreme Court has noted, "[T]he lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a client who was billed by the hour in a comparable case." *Perdue*, 599 U.S. at 551–52 (emphasis in original).

A reasonable hourly rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation," with the "community" defined as the district in which the court sits. *Blum*, 465 U.S. at 897; *see also Perdue*, 559 U.S. at 551 (citation omitted) ("[T]he lodestar looks to 'the prevailing market rates in the relevant community.'"). According to the *2018 Real Rate Report thru September 2018* by Wolters Kluwer, the mean "Real Rate" for partners and associate attorneys in 2018 working in labor and employment law in New York City was $682 and $473, respectively.

In this regard, a survey of management-defense firms reveals that RKL's rates align with those of wage-and-hour attorneys with comparable experience, skill, and reputation. *See, e.g., Ryan Kim has been approved for his respective hourly rates of at least $500 in connection with FLSA cases in this district. See Heung Yol Kim v. J&J Safetymate Corp., et al., No. 22 Civ. 1070 (E.D.N.Y), Marquez v. JK Green Deli, Inc, et al., No. 17 Civ 7014 (E.D.N.Y), Lee v. Hongs Merchandising Group,*

4

*et al., No. 18 Civ 6343 (E.D.N.Y), Kim v. Sneaker Box, Inc, et al., 19 Civ 2015 (E.D.N.Y), Han v. Ivy Enterprise, Inc et al., No. 19 Civ 3023 (E.D.N.Y), Hong v. Madangsui Inc et al., No. 19 Civ 4052 (E.D.N.Y) and Lee v. DTD Express Inc et al., No. 19 Civ 6944 (E.D.N.Y), Chae v. March Health Food, Inc, et al., 18 civ 3336 (E.D.N.Y), Ko v. Manhattan Avenue Cleaners. Inc et al., 19 civ 2851 (E.D.N.Y), Yi v. DK Broadway Cleaners Inc., et al., No. 19 Civ 5931 (E.D.N.Y), Kim et al., v. Center Nails Inc., et al., No. 19 Civ 5433 (E.D.N.Y), Kim v. Sushi Bell Inc et al., No. 19 Civ 2847 (E.D.N.Y) and Xu v. Dong E Snack Inc et al., No. 20 Civ 3118 (E.D.N.Y).*

Commensurate with her counsel's experience, and the regular hourly rate which RKL charges its clients, Plaintiff requests attorney's fees at the following rates for the attorneys involved in this litigation: $550.00 for Ryan Kim; $350 for Youngchae Cho and $200.00 for paralegal Jia Choi. *See* Kim Decl. ¶¶ 74-78. Rates are awarded at the hourly rate that is current at the time of the award to account for the delay between the time services are rendered and the fees recovered. *See Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006). Each attorney's biography, outlining his or her extensive experience in wage-and-hour litigation, is set forth in the Kim Declaration. Kim Decl. ¶¶ 36-39.

Ryan Kim has over twenty-three years of experience litigating wage-and-hour actions, with hundreds of clients who have paid his rates at the $550.00 per hour rate requested here. *Id.* ¶¶ 29. Mr. Kim has represented both management and employees in numerous cases. *Id.* ¶¶ 24.

Associate Youngchae Cho is a graduate of Syracuse University, Syracuse, New York (BA) and Rutgers University School of Law, Neward, NJ (JD). Mr. Cho passed the New York Bar Exam in July 2025 and is scheduled to be admitted to the New York Bar next month. He is a fluent speaker of English and Korean. Prior to joining RKL, Mr. Cho was a law student intern at the New Jersey Superior Court Appellate Division.

Jia Choi is a paralegal and has worked at RKL since 2013. She is fluent in Korean, the Plaintiff's native language, and provided administrative support in this matter. Her hourly billable rate at RKL was $200.00 for all clients. *Id.*

The requested rates are the hourly rates actually charged to and paid by RKL clients for work performed in the Eastern District and are therefore reflective of the prevailing market rate. *See id.* ¶¶ 34-35; *see generally Arbor Hill*, 522 F.3d at 190. According to the Seventh Circuit, "lawyers who fetch above-average rates are presumptively entitled to them, rather than some rate devised by the court." G*usman*, 986 F.2d at 1150–51. This is consistent with *Arbor Hill*, in which the Second Circuit instructed district courts to evaluate a fee request in light of "*all* the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." 522 F.3d at 190. RKL's rates are reasonable and appropriate because of the skill of the professionals who represented Plaintiff, and the Court may award such fees under the *Johnson* factors. *See United States v. City of New York*, No. 07 Civ. 2067 (NGG)(RLM), 2013 WL 5542459, at *7 (E.D.N.Y. Aug. 30, 2013) (approving fee application where "the partner-level attorneys litigating their case have extensive experience in civil rights practice").

### 2. Policy Supports Awarding RKL Its Regular Hourly Rates

Public policy supports the approval of RKL's actual hourly rates. The FLSA and NYLL are remedial statutes designed to protect low-wage workers. The purpose of private lawsuits, such as the one here, is to encourage "private attorney[s] general" to seek redress for violations and discourage future misconduct against low-wage workers. *See, e.g.*, *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 338–39 (1980); *Beckman v. Keybank*, 293 F.R.D. 467, 477 (S.D.N.Y. 2013); *Khait*, 2010 WL 2025106, at *8 ("Attorneys who fill the private attorney general role must be adequately compensated for their efforts. If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk."). For this reason, fee requests can be disproportionate to a plaintiff's recovery, but such disproportion is not "a proper basis for a reduction in an otherwise reasonable fee." *Khalil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 478 (S.D.N.Y. 2009). In fact, disproportionate attorneys' fees are expected under fee-shifting statutes like the FLSA and NYLL. *See, e.g.*, *Metro-North R.R. Co.*, 658 F.3d at 169 ("The whole purpose of fee-shifting

statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recover.") (emphasis in original).

As noted, unlike other members of the FLSA Plaintiff's bar in New York City, RKL regularly represents both employers and employees in wage-and-hour litigations. In addition, the retainer agreements signed by Plaintiff in this case set forth a $550 hourly rate as an alternative to the contingency fee basis for compensation."). The attorneys of RKL provide the same quality advocacy to all clients, regardless of whether they are waitresses at a restaurant in Manhattan, or a big corporation.

RKL provides both waitresses and a big corporation with the same level of zealous advocacy and expertise. It is therefore illogical for RKL to receive a lower rate for the legal services it provides to low-wage workers than it does from its paying clients—particularly where it takes these cases on a contingency basis that presents the risk of no collection at all.

Courts have seemed to develop a distinction between wage-and-hour matters and discrimination/civil rights cases, even though both types of cases fall within the ambit of "labor and employment law" matters. For example, it is not uncommon for civil rights attorneys to have rates at or above $550.00, especially because billable rates have increased since 2010. *See, e.g.*, *Mayo-Coleman v. Am. Sugars Holding, Inc.*, No. 14 Civ. 0079, 2019 WL 1034078, at *2 (S.D.N.Y. Mar. 5, 2019) (noting in discrimination matter that "[r]ecent courts . . . have found billing rates of $500 or more reasonable for experienced partners"); *Powell v. Metro One Loss Prevention Servs. Grp.*, No.12 Civ. 4221, 2015 WL 9287121, at *3 (S.D.N.Y. Feb. 5, 2015) (awarding partner $650 per hour rate in a discrimination case and acknowledging average rates in civil rights cases have increased since 2010 when the average billable rates in civil rights cases were $250 to $600 for partners and $200 to $350 for associates). Nevertheless, courts have applied a lower billable range in wage-and-hour matters. *See, e.g.*, *Luongo v. 44-37 Rest. Corp.*, No. 13 Civ. 7420, 2017 WL 8813128, at *2 (E.D.N.Y. Dec. 19, 2017) ("Courts in [the Eastern District] regularly award hourly rates ranging from $300 to $450 for the work of highly experienced attorneys."); *Mendoza v. CGY & J Corp.*, No. 15-CV-9181 (RA), 2017 WL 4685100, at *2 (S.D.N.Y. Oct. 17, 2017)

(stating that hourly rates of $450 for a partner are "on the high end of the acceptable range"). This distinction has no basis in law and should not continue to be drawn, particularly because the FLSA is a statute with "unique policy considerations." *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *see also Fisher v. SD Prot. Inc.*, 948 F.3d 593, 604 (2d Cir. 2020) (reviewing precedent arising "[i]n the context of analogous civil rights legislations" to examine attorneys' fees awards in a FLSA case).

RKL's rates are consistent with other judicially-awarded rates in New York City civil rights and employment law cases. *See Ebbert v. Nassau County*, No. 05 Civ. 5445 (AKT), 2011 WL 6826121, at *16, 18 (E.D.N.Y. Dec. 22, 2011) (awarding partner $700 per hour in civil rights matter); *Vilkhu v. City of New York*, No. 06 Civ. 2095 (CPS)(JO), 2009 WL 1851019, at *5 (E.D.N.Y. June 26, 2009) (noting that associates' hourly rates range from $200 to $450 and partners' rates from $400 to $900), *rev'd on other grounds*, 372 Fed. App'x. 222 (2d Cir. 2010); *Kovach v. City Univ. of N.Y.*, No. 13 Civ. 7198 (LGS), 2015 WL 3540798, at *2–3 (S.D.N.Y. June 4, 2015) (accepting proposed partner rate of $700 per hour in discrimination case); *KGK Jewelry LLC v. ESDNetwork*, No. 11 Civ. 9236 (LTS), 2015 WL 2129703, at *4 (S.D.N.Y. May 6, 2015) (approving requested attorneys' rates of $675, $437, and $255 per hour for attorneys of different levels of experience in light of the prominence of the attorneys' firm, the attorneys' respective credentials, their years of experience, and the National Law Journal's survey for law firm billing rates); *Torres*, 2012 WL 3878144, at *4 (awarding $500 per hour in FLSA and NYLL case to partner with less than fifteen years of experience); *Rozell*, 576 F. Supp. 2d at 544–46 (concluding it is reasonable to award hourly rates of $600 for partners, $350 for senior associates, $250 for junior associates, $175 for law clerks and $125 for paralegals in an employment discrimination case).

### 3. The Remaining *Johnson* Factors Favor the Requested Hourly Rates

The remaining *Johnson* factors favor granting the Application. The time and labor required to litigate this matter increased significantly due to Defendants' attempts to delay and dismiss this matter due to discovery debates regarding time and payroll records. (Defendants were represented by three (3) different counsel, and each time there was

substitution of attorney, it caused delay and complication due to the successor counsel needing to figure out the case and deploying different strategy and approach). RKL used its experience and skill to overcome Defendants' arguments.

Plaintiff agreed in her retainer agreements that RKL would be paid the greater of a fixed rate, as awarded by the Court, or a contingency fee. The "fixed rate" was based on the hourly rates requested in this Application. *Id.* By taking on this representation, RKL invested a significant amount of time litigating through to the jury trial. RKL put in all the time and effort necessary to achieve a favorable outcome for the Plaintiff.

### 4. RKL Obtained a Favorable Outcome for Plaintiff

"'[T]he most critical factor in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)).

Plaintiff's fee request is reasonable in light of her success. The jury found that: (a) Defendants violated the NYLL overtime and minimum wage provisions; (b) Defendants violated the NYLL's spread-of-hours pay provision. In short, Plaintiff successfully proved the claims in her Complaint. Therefore, RKL's requested fees are reasonable.

### B. RKL Expended Reasonable Amounts of Time and Resources Prosecuting this Matter

"After determining the appropriate hourly billing rate, the court calculates the hours reasonably expended." *Maldonado v. La Nueva Rampa, Inc.,* No. 10 CIV. 8195 (LLS) (JLC), 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012) (quotation marks and citation omitted). The Court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). The critical inquiry is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted). The Court should examine contemporaneous time records that identify, for each attorney, the hours expended on a task, "with a view to the value of the work product of the specific expenditures to the client's case." *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997)

(citation omitted). Time spent on the preparation of fee applications, such as this one, is included in the reasonable number of hours expended. *See Quaratino v. Tiffany & Co.*, 166 F.3d 422, 427–28 (2d Cir. 1999).

In any event, RKL made a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary. *See Hensley,* 461 U.S. at 433–34. Indeed, RKL made significant reductions to its time records, which are annexed to the Declaration of Ryan Kim. In a further effort to avoid duplicative billing, other than Kim, no one else billed for certain work performed, such as discussions about the status and strategy of the case. Likewise, Kim did not bill all of his time speaking with Plaintiff, such as for administrative and non-substantive discussions (*e.g.*, scheduling of matters).

RKL requests compensation for 426.10 hours of billed time. *Id.* ¶ 41; *id.* at Ex. 1. The fee request is reasonable. This matter has been actively litigated for two years, and Plaintiff prevailed following the four-day jury trial, and Plaintiff prevailed on her counts. *Id.* ¶ 23. Plaintiff's success comes after many hours of paper discovery, multiple depositions, multiple court conferences, including a mediation, and three days of the trial followed by another day for deliveration for the jury. *Id.* ¶¶ generally. In short, RKL has acted efficiently in prosecuting this matter, and the hours requested are entirely reasonable for a case that was litigated and tried before a court.

### III. Plaintiff is Entitled to Reimbursement of Costs Incurred in the Action

As the prevailing party in an FLSA and NYLL action, Plaintiff is entitled to recover reasonable "costs of the action." 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1–a), 663; *see also Santillan v. Henao*, 822 F. Supp. 2d 284, 301 (E.D.N.Y. 2011) ("As a general matter, a prevailing plaintiff in an action under the FLSA . . . is entitled to recover costs from the defendant.").

Plaintiff seeks reimbursement of costs that RKL incurred in court filings, a deposition, service of process, translation services, and inquest materials in this action, as documented in the Kim Declaration. Kim Decl. No. 14. RKL's costs incurred amount to $13,113.38 *Id.* ¶¶ 70.

## CONCLUSION

For all of the foregoing reasons and those explained in the accompanying Kim Declaration, Plaintiff respectfully requests that the Court award them attorneys' fees of $171,862.00 and costs of $13,113.38 , for a total of $184,975.38.

Dated:  December 28, 2025

                                  Respectfully submitted.

                                   /s/ Ryan Kim
                                  Ryan J. Kim

                                  Ryan Kim Law, P.C.
                                  222 Bruce Reynolds Blvd.
                                  Suite 490
                                  Fort Lee, NJ 07024
                                  Attorney for Plaintiff