UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JONG BU WANG,

Plaintiff,

-against-

KEEPER HOLDINGS, INC., *et al.*,

Defendants.

-----------------------------------------------------------X

**ORDER**
24 CV 672 (PCG)

**CROSS-GOLDENBERG**, United States Magistrate Judge:

Plaintiff Jong Bu Wang brought this action against Defendants Keeper Holdings, Inc., Steven Yang, and Katy Lee for violations of the Fair Labor Standards Act (the "FLSA") and the New York Labor Law ("NYLL") for wage and hour violations committed while she was employed as a live-in housekeeper. Following a three-day trial, the jury found Defendants Steven Yang and Katy Lee were liable under the NYLL for failure to pay Plaintiff overtime wages and spread-of-hours premiums for her work as a housekeeper. Plaintiff had projected damages ranging from $382,537.04 to $1,006,222.81, but the jury awarded Plaintiff only $5,168.75. Plaintiff then filed a motion for a new trial under Federal Rule of Civil Procedure 59(a)(1)(A), which was denied by the Honorable Cheryl L. Pollak, the Magistrate Judge who presided over the trial. Familiarity with Judge Pollak's thorough and well-reasoned decision, and with the procedural history of this litigation, is presumed.

Presently before the Court is Plaintiff's motion for attorneys' fees and costs, seeking reimbursement of $171,862 in attorneys' fees and $13,113.38 in costs. (Dkt. No. 54 ("Mot.")). (See also, Dkt. No. 54-1 ("Kim Decl.") ¶¶ 13, 14). Defendants oppose Plaintiff's motion,

arguing that Plaintiff's counsel's rates were excessive, the hours billed were unreasonable and included non-compensable billing entries, the award should be decreased considering the time spent on unsuccessful claims and Plaintiff's level of success at trial, and Plaintiff is not entitled to recover any costs incurred after the Defendants' Rule 68 Offer of Judgment. (Dkt. No. 61 ("Opp.")). The Court also considers Defendants' unopposed Motion to defer a ruling on attorneys' fees pending appeal of the jury verdict. (Dkt. No. 68).

DISCUSSION

Plaintiff commenced this action on January 30, 2024. The parties engaged in mediation but, on January 8, 2025, the Court's ADR administrator reported the mediation unsettled. Defendants served Plaintiff with a Rule 68 Offer on November 12, 2025 "in the amount of $140,000, exclusive of necessary costs and reasonable attorneys' fees incurred by Plaintiff through the date of this offer." (Opp. at 2; Dkt. No. 61-5). The Offer lapsed 14 days later. (Id.). At the final pretrial conference, the Court dismissed Plaintiff's Wage Theft Protection Act claims and Plaintiff voluntarily withdrew her FLSA claims, leaving only the claims arising under the NYLL.

Although Plaintiff prevailed at trial, her success was limited. The jury returned a verdict sheet finding (1) Defendant Keeper Holdings, Inc. was not Plaintiff's "employer" as defined under New York Labor Law; (2) Plaintiff proved by a preponderance of the evidence that she worked greater than 44 hours in any week during the course of her employment; (3) Plaintiff proved by a preponderance of the evidence that there were days she worked greater than 10 hours and was not paid a spread-of-hours premium; (4) Defendants had a good faith basis to believe that their underpayment of wages was in compliance with the law; and (5) the number of

hours actually worked by Plaintiff and the days she worked was greater than 10 hours. (Dkt. No. 64).

Plaintiff submitted three damages charts, projecting damages ranging from $382,537.04 to $1,006,222.81, including WTPA damages and interest, (see Dkt. No. 61-5), but the jury awarded Plaintiff only $5,168.75. (See Dkt. No. 65).

## I. The Court Denies Defendants' Request to Hold This Decision In Abeyance

The Court must first address Defendants' March 19, 2026 Motion requesting that this Court defer ruling on attorneys' fees pending resolution of Plaintiff's appeal. Defendants argue that deferring the Court's ruling would promote judicial economy and avoid the need for potentially duplicative or inconsistent rulings. The Court disagrees. Ruling on fees prior to the Second Circuit's decision will provide the Circuit with this Court's full determination of the issues in this litigation and may prevent piecemeal appeals. If the Second Circuit were to remand back to this Court for a new trial, there is the possibility that Plaintiff may obtain a verdict more valuable than the Rule 68 Offer and thus would be entitled to additional fees. The Court can address that issue if it becomes ripe and doing so would result not result in inconsistent opinions, but rather a subsequent opinion would reflect the new posture of the case. As such, the Court denies Defendants' Motion.

## II. Attorneys' Fees

The NYLL is a fee-shifting statute which entitles a prevailing party to an award of reasonable attorneys' fees and costs in wage-and-hour actions. NYLL § 663(1); Rodriguez v. MRC Bakery Corp., 802 F. Supp. 3d 393, 431 (E.D.N.Y. 2025) (quoting Ballari v. Blackman Plumbing Supply, Inc., No. 11 CV 3655, 2020 WL 2771008, at *6 (E.D.N.Y. May 4, 2020),

report and recommendation adopted by, 2020 WL 2769266 (E.D.N.Y. May 28, 2020)). Prevailing employees are entitled under the NYLL to "recover in a civil action the amount of any such underpayments, together with costs[,] all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules . . . ." NYLL § 663(1). A plaintiff is the prevailing party in an NYLL action "'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" Khalil v. Original Old Homestead Rest., Inc., 657 F. Supp. 2d 470, 474 (S.D.N.Y. 2009) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The employee "may be considered a prevailing party even though the relief ultimately obtained is not identical to the relief demanded in the complaint." Koster v. Perales, 903 F.2d 131, 134 (2d Cir. 1990).

Although the jury awarded her far less in damages than she sought, Plaintiff is a prevailing party for the purposes of the NYLL. She therefore is able to recover reasonable attorneys' fees and costs. For the reasons that follow, the Court determines that Plaintiff may recover $21,990 in attorneys' fees and $4,416.48 in costs. The Court also determines that Defendants may recover $6,929.20 in costs incurred following their Rule 68 Offer.

A. Rule 68 Precludes Recovery of Fees and Costs Incurred After November 12, 2025

Federal Rule of Civil Procedure 68 provides that a defendant may serve an offer of judgment on plaintiff at least 14 days before trial, with the costs then accrued. Fed. R. Civ. P. 68(a). Rule 68 exists to "encourage plaintiffs to accept reasonable settlement offers rather than forcing defendants through the expensive process of going to trial." McDowall v. Cogan, 216 F.R.D. 46, 47 (E.D.N.Y. 2003) (quotation and emphasis omitted). If a plaintiff's final judgment obtained "is not more valuable than the offer of judgment, the plaintiff may not obtain attorney's

fees and costs that accrue after the offer of judgment was made." Weber v. I.C. Sys., Inc., No. 01 CV 1967, 2007 WL 2907306, at *2 (E.D.N.Y. Mar. 19, 2007) (citing Marek v. Chesny, 473 U.S. 1, 5, 9 (1985); Jolly v. Coughlin, No. 92 CV 9026, 1999 WL 20895, at *7 (S.D.N.Y. Jan. 19, 1999)). The rule applies to all costs awardable under the statute that is the basis for the underlying claim. Marek v. Chesny, 473 U.S. 1, 9 (1985). Rule 68 acts as a fee-shifting statute as well, requiring a prevailing plaintiff to pay defendant's post-offer costs, excluding attorneys' fees, if the final judgment is not more valuable than the rejected Rule 68 Offer. Stanczyk v. City of New York, 752 F.3d 273, 281 (2d Cir. 2014).

Plaintiff rejected Defendant's Rule 68 Offer of $140,000 but the jury awarded her only $5,168.75 after trial. (See Dkt. No. 65). Because Plaintiff's final judgment was not more favorable than the Rule 68 Offer, Plaintiff is not entitled to fees and costs incurred after November 12, 2025, and is responsible for Defendants' post-offer costs, excluding attorneys' fees.

B. Lodestar Analysis

"The district court retains discretion to determine…what constitutes a reasonable fee." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 758 (2d Cir. 1998)). In deciding what constitutes "reasonable" fees, courts in this Circuit begin by calculating the "lodestar" amount—a presumptively reasonable fee derived from multiplying the reasonable hourly rate and reasonable number of hours required by the case. Id. (citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008)); Moore v. Diversified Collection Servs. Inc., No. 07 CV 397, 2013

WL 1622949, at *1 (E.D.N.Y. Mar. 19, 2013), report and recommendation adopted by, 2013 WL 1622713 (E.D.N.Y. Apr. 15, 2013).

To determine the lodestar amount, a court must determine the "number of hours reasonably expended on the litigation" and multiply that number "by a reasonable hourly rate." Moore v. Diversified Collection Servs., Inc., No. 07 CV 397, 2013 WL 1622949, at *1 (E.D.N.Y. Mar. 19, 2013) (quoting Hensley v. Eckerhart, 461 U.S. at 433), report and recommendation adopted, 2013 WL 1622713 (E.D.N.Y. Apr. 15, 2013); see also Adusumelli v. Steiner, Nos. 08 CV 6932, 2013 WL 1285260, at *2 (S.D.N.Y. Mar. 28, 2013) (explaining that "[c]ourts in the Second Circuit use the familiar 'lodestar' method of calculating reasonable attorney's fees – multiplying the number of hours reasonably expended by a reasonable hourly rate" (citing Millea v. Metro-North R.R., Co., 658 F.3d at 166)).

Although the lodestar approach results in a "presumptively reasonable" fee, "it is not 'conclusive in all circumstances.'" Millea v. Metro-North R.R. Co., 658 F.3d at 166–67 (quoting Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 553 (2010)). Rather, in "rare circumstances," a court may adjust the lodestar "when [the lodestar method] 'does not adequately take into account a factor that may properly be considered in determining a reasonable fee.'" Id. (quoting Perdue, 559 U.S. at 553); see also Adusumelli, 2013 WL 1285260, at *2; Conwan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), aff'd, 50 F. App'x 36 (2d Cir. 2002); Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). In other words, "a court may not adjust the lodestar based on factors already included in the lodestar calculation itself because doing so effectively double-counts those factors." Millea v. Metro-North R.R. Co., 658 F.3d at 167. Indeed, "the 'lodestar figure [already] includes most, if not all, of the

relevant factors constituting a reasonable attorney's fee.'" Id. (quoting Perdue, 559 U.S. 542, 553 (2010)).

1. Reasonable Rate

In order to calculate the lodestar, the Court must first determine a reasonable hourly rate for the legal services performed. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d at 190. The Second Circuit has adopted the following factors, *inter alia*, to guide the inquiry as to what constitutes a reasonable hourly rate:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 186 n.3 (citing Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714, 717–19 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)). A number of recent cases have considered these factors when awarding attorneys' fees. See Lisnitzer v. Shah, No. 11 CV 4641, 2022 WL 3931388, at *2 (E.D.N.Y. July 6, 2022), report and recommendation adopted sub nom. by, Lisnitzer v. Zucker, 2022 WL 3914964 (E.D.N.Y. Aug. 31, 2022), amended by, 2023 WL 2020963 (E.D.N.Y. Feb. 15, 2023) (adjusting award by 62 cents); see also Smith v. City of New York, No. 19 CV 6198, 2022 WL 939711, at *4 n.3 (E.D.N.Y. Mar. 28, 2022).

Courts are also instructed to balance:

> the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively . . . , the timing demands of the case, whether the attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether the attorney might have initially acted pro bono . . . , and other returns (such as reputation, etc.) that an attorney might expect from the representation.

Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d at 184. In determining the appropriate rate to be charged, courts may consider evidence of prevailing rates for similar services beyond the fee application itself. See Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1058–59 (2d Cir. 1989). In addition to the parties' evidentiary submissions, the Court may consider its own experience and familiarity with the case and with rates generally charged. See Hollander Glass Texas, Inc. v. Rosen-Paramount Glass Co., 291 F. Supp. 3d 554, 561, 562 (S.D.N.Y. 2018) ("'Because attorney's fees are dependent on the unique facts of each case, the resolution of this issue is committed to the discretion of the district court.'") (quoting Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992)).

The Court may also "look to fees awarded in recent…NYLL cases in the Eastern District of New York in order to determine whether the fees requested are reasonable." Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 52 (E.D.N.Y. 2015). In calculating the presumptively reasonable fee, "courts 'should generally use the hourly rates employed in the district in which the reviewing court sits.'" Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (citations and internal quotation marks omitted) (holding that when awarding attorneys' fees, there is a presumption in favor of relying on the rates where the case is litigated, not where the attorneys are located); Rueda v. A&G Iron Works Corp., No. 25 CV

1791, 2026 WL 183692, at *17 (E.D.N.Y. Jan. 23, 2026) (citing Kyros L. P.C. v. World Wrestling Ent., Inc., 79 F.4th 532, 547 (2d Cir. 2023)). Courts in this Circuit determine the presumptively reasonable fee, in part, by reference to the rates "prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." Seong Soo Ham v. Sushi Maru Express Corp., No. 15 CV 6138, 2017 WL 4023131, at *2 (E.D.N.Y. Sept. 13, 2017) (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)).

Reasonable rates in the Eastern District of New York are $450 to $650 for partners, $300 to $450 for senior associates, $150 to $300 for junior associates, and $100 to $150 for paralegals. Moore v. Rubin, 766 F. Supp. 3d 423, 428 (E.D.N.Y. Feb. 14, 2025). Additionally, "[n]umerous cases in the Eastern District hold that the hourly rates awarded to law clerks (who are not admitted to the bar) should be comparable to those awarded to paralegals." Douton v. NY Med. Health Care, P.C., 49 F. Supp. 3d 328, 348 (E.D.N.Y. 2014) (collecting cases).

In determining a reasonable rate in this case, the Court has considered the factors identified by the Second Circuit. The case required counsel experienced in wage and hour litigation, but it did not present novel or difficult questions of wage and hour law. The time, labor and skill required, and the time limitations imposed by this case prior to the Rule 68 Offer were similar to those present in similar cases litigated in this District by Plaintiff's counsel. There is nothing about the facts of this case that would justify a rate higher than a customary rate awarded in wage and hour litigation in the Eastern District of New York.

Plaintiff's counsel seeks rates between $550 and $600 per hour for work completed by Ryan J. Kim, the name attorney at Ryan Kim Law, P.C. (Dkt. No. 54-1 ("Kim Decl.") ¶ 7; Dkt. No. 54-2). Mr. Kim has been practicing law and litigating wage and hour cases for

approximately 23 years. (Kim Decl. ¶ 7). Counsel seeks $350 per hour for work completed by Youngchae Cho, an associate at the firm who was not yet admitted to the bar at the time of the trial, and seeks between $120 and $200 per hour for work completed by Jia Choi, a paralegal with approximately 12 years of experience in labor and employment litigation. (Id. ¶¶ 9, 10).[1]

Mr. Kim's and Ms. Choi's hourly rates have been frequently scrutinized in this District. See Kim v. Kini LIC Corp., 806 F. Supp. 3d 277, 317 (E.D.N.Y. 2025) (collecting cases and reducing Mr. Kim's rates from $550 per hour to $450 per hour); Shin v. Party Well Rest & Oriental Bakery, Inc., No. 20 CV 1319, 2023 WL 8701337, at *5 (E.D.N.Y. Dec. 15, 2023), report and recommendation adopted by, 2024 WL 1327420 (E.D.N.Y. Mar. 28, 2024) (reducing attorney Ryan Kim's hourly rate from a requested $550 to $450 and reducing paralegal Jia Choi's hourly rate from a requested $120 per hour to $100, in line with previous awards made to Mr. Kim and Ms. Choi at the time), aff'd sub nom. Shin v. Party Well Rest. & Oriental Bakery, Inc., No. 24-1189, 2025 WL 783737 (2d Cir. Mar. 12, 2025); Kim v. J&J Safetymate Corp., No. 22 CV 1070, 2025 WL 2783273, at *4 (E.D.N.Y. Sept. 30, 2025) (reducing Mr. Kim's rates from $550 to $450 and Ms. Choi's rates from $200 to $125 in line with previous awards at the time). Even cases analyzing the increased Eastern District rates established by Rubin have refused to award Mr. Kim a $550 hourly rate. See Kim v. J&J Safetymate Corp., No. 22 CV 1070, 2025 WL 2783273, at *4 (E.D.N.Y. Sept. 30, 2025) (considering Rubin and reducing Mr.

[1] Counsel's billing records also show two entries for somebody named Min Suk Choi who billed 5.5 hours at a rate of $300 per hour to attend the mediation and 3.5 hours at a rate of $350 per hour to draft a deficiency letter. The present fee application does not request that the Court award these fees, and the Court does not award them.

Kim's rate from $550 per hour to $500 per hour and reducing Ms. Choi's rate from $200 per hour to $125 per hour).

Based on rates generally charged in this District, and considering Mr. Kim's experience and the facts of this case, the Court finds that Mr. Kim is entitled to a rate of $500 per hour in this case and Ms. Choi is entitled to a rate of $125 per hour. The Court need not analyze Mr. Cho's rates because all of his billing entries occurred after the Rule 68 Offer and the Court has already determined those entries are non-compensable. (See infra at 16).

2. Reasonable Hours

To determine the reasonableness of an attorneys' fees request, "[t]he Court must make 'a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended.'" Maldonado v. La Nueva Rampa, Inc., No. 10 CV 8195, 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012) (quoting Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994)), report and recommendation adopted by, (S.D.N.Y. Aug. 9, 2012). "The critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" Id. (quoting Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992)). In this Circuit, judges are required to "use their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent . . . in a given case." Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 208 (E.D.N.Y. Nov. 30, 2007) (quoting Fox Indus., Inc. v. Gurovich, No. 03 CV 5166, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005)). "Not all tasks in a civil litigation merit an award of attorney's fees," Zabala v. Comm'r of Soc. Sec. Admin., No. 23 CV 1596, 2025 WL 948099, at *3 (E.D.N.Y. Mar. 29, 2025), and the Court has discretion to reduce the

claimed hours where the entries are unsupported by evidence or are objectively unreasonable. Smith, 2022 WL 939711, at *6.

A district court is not required to "set forth item-by-item findings concerning what may be countless objections to individual billing items." Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994). The Court "need not, and indeed should not, become green-eyeshade accountant[,]" Fox v. Vice, 563 U.S. 826, 838 (2011), and therefore "has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (quotation omitted).

The Court finds the claimed hours exceed what is reasonable in several respects and, as a result, applies a 60% across-the-board reduction to the total number of hours requested by counsel.

a. Degree of Success

A plaintiff's degree of success is "'the most critical factor' in a district court's determination of what constitutes reasonable attorney's fees." Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008) (quoting Farrar v. Hobby, 506 U.S. 103, 114 (1992)). When a plaintiff's successful and unsuccessful claims are intertwined, district courts analyze "the quantity and quality of relief obtained, as compared to what the plaintiff sought to achieve as evidenced in her complaint." Torcivia v. Suffolk Cnty., 437 F. Supp. 3d 239, 255 (E.D.N.Y. 2020). "There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." Hensley v. Exkerhart, 461 U.S. 424, 436–

37 (1983). As the Supreme Court has recognized, the decision to reduce fees to account for a plaintiff's limited success rests within the Court's discretion. Id. Courts in this District have wielded this discretion to apply downward adjustments to attorneys' fees as high as 80%. See, Struthers v. City of N.Y., No. 12 CV 242, 2013 WL 5407221, at * (E.D.N.Y. Sept. 25, 2013) (reducing the lodestar by 80% after plaintiff rejected a Rule 68 offer of judgment and the jury awarded only $685 in punitive damages and $1 in nominal damages); Torcivia, 437 F. Supp. 3d at 256 (reducing fees by 40% "due to limited success"); Hine v. Mineta, 253 F. Supp. 2d 464, 467 (E.D.N.Y. 2003) (reducing fees by 60% where plaintiff succeeded on only one of three causes of action and the jury awarded 1.7% of all requested damages).

Here, Plaintiff's success was extremely limited. At the outset of this litigation, Plaintiff brought eight claims under the FLSA and the NYLL for failure to pay minimum wage and overtime wages, failure to pay spread of hours premiums, failure to provide wage notices and wage statements, and failure to provide a day of rest. (Compl. ¶¶ 1, 51-100). At the final pretrial conference, Plaintiff dropped her FLSA claims and the Court dismissed the Wage Theft Prevention Act claim arising under the NYLL. (Dkt. No. 48 at 5. See Dkt. No. 58 at 5 n.7). At trial, Plaintiff estimated damages ranging between $382,537.04 and $1,006,222.81. (Dk. No. 66 at 6). However, the jury awarded only $5,168.75. (See Dkt. No. 65). In other words, Plaintiff obtained 0.5% of the total possible damages at trial. Much of the legal work was not necessary to achieve Plaintiff's limited success because it related to dismissed or abandoned claims.

b. Translation Work

Translation work is not legal work. Ruo Guo Zhang v. Lin Kumo Japanese Rest. Inc., No. 13 CV 6667, 2015 WL 5122530, at *3 (S.D.N.Y. Aug. 31, 2015). Although interpretation

services may be recoverable, see Shin, No. 2023 WL 8701337, at *11, where an attorney performed non-legal translation work, courts have reduced the rates to a "reasonable paraprofessional rate." See, e.g., De La Cruz Rosas v. Just Salad 60 Third LLC, No. 18 CV 7342, 2023 WL 5423982, at *10 (S.D.N.Y. Aug. 4, 2023), report and recommendation adopted sub nom. by, Rosas v. Just Salad 600 Third LLC, 2023 WL 5390985 (S.D.N.Y. Aug. 22, 2023). Courts in this District therefore typically award a $125 per hour rate for legal support staff performing language interpreter services. See Aponte v. 5th Ave. Kings Fruit & Vegetables Corp., No. 20 CV 5625, 2022 WL 17718551, at *7 (E.D.N.Y. Dec. 15, 2022) (collecting cases).

Here, Jia Choi billed 22.1 hours at rates between $120 and $200 for translation services before the Rule 68 Offer and seeks compensation for $2,652 for this work. (Dkt. No. 54-2). Ryan Kim billed 1.8 hours for translation services at a $550 hourly rate prior to the Rule 68 Offer, seeking a total of $990 for this work. (Id.) This work is non-compensable at these rates above $125 per hour. The Court factors this into the across-the-board reduction.

c. Clerical Tasks

District courts "have 'the authority and discretion to either reduce an attorney's hourly rate for time spent on clerical tasks or apply an across-the-board reduction to the hours billed or total fee award to account for time spent on clerical tasks.'" Smith, 2022 WL 939711, at *10 (quoting Lilly v. City of New York, 934 F.3d 222, 233–34 (2d Cir. 2019)). "Uniform percentage deductions are warranted for attorney time spent on administrative tasks or work that should have been performed by lower-billing attorneys." Id. (citing De La Paz v. Rubin & Rothman, LLC, No. 11 CV 9625, 2013 WL 6184425, at *4 (S.D.N.Y. Nov. 25, 2013)). See also, Khalil v. Original Old Hempstead Rest. Inc., 657 F. Supp. 2d 470, 477 (S.D.N.Y. 2009) (holding time

"spent executing purely clerical tasks, like downloading documents, speaking with copy vendors, filing, and faxing documents" are not recoverable); G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist., 894 F. Supp. 2d 415, 439 (S.D.N.Y. 2012) (holding time "spent reorganizing the file and preparing [trial] exhibits" was a "clerical non-reimbursable task"); Torcivia, 437 F. Supp. 3d at 253 (holding that "sending and receiving faxes, requesting and receiving medical records, serving papers, and hand-delivering courtesy copies of filings to the courthouse, and preparing a summons and complaint for service, ECF filings, entering dates into a calendar, and communications regarding ordering a court reporter" are clerical tasks) (quotation omitted); DeMarco v. Ben Krupinski Gen. Contractor, Inc., No. 12 CV 573, 2014 WL 3696020, at *7 (E.D.N.Y. July 22, 2014) (holding "faxing documents, preparing duplicates, serving papers on defendants, and filing documents" are clerical tasks). Courts make these reductions because "a reasonable client would not pay an attorney's rate for the performance of administrative or clerical work." Chauca v. Park Mgmt. Sys., LLC, No. 10 CV 5304, 2016 WL 8117953, at *4 (E.D.N.Y. July 18, 2016) (citing Broome v. Biondi, 17 F. Supp. 2d 230, 236 (S.D.N.Y. 1997)). These tasks may only be recovered at a paralegal rate. Chauca, 2016 WL 8117953, at *4.

Defendants point to several entries for clerical or administrative work that are not compensable at the attorney rate. For example, on August 5, 2025, Mr. Kim billed $110 for 0.2 hours of work"[t]rying to figure out a mediation date that works for everyone involved." (Dkt. No. 54-2). The Court has identified a total of 7.4 hours of clerical or administrative tasks billed at Mr. Kim's partner rate, including scheduling, monitoring the docket, filing waiver of service, and reviewing opposing counsel's notice of appearance. (Id.). These entries also are factored into the across-the-board reduction.

d. Travel

Attorneys may be compensated for travel time to appearances with the Court. Chauca, 2016 WL 8117953, at *5. However, such time is only compensated at no more than fifty percent of an attorney's hourly rate. Shin, 2023 WL 8701337, at *8 (reducing attorney Ryan Kim's hourly rate for travel time); Singh v. Zoria Housing LLC, No. 16 CV 2901, 2017 WL 6947717, at *4 (E.D.N.Y. Nov. 17, 2017); Pennacchio v. Powers, No. 05 CV 985, 2011 WL 2945825, at *1 (E.D.N.Y. July 21, 2011) ("it is customary in this circuit to reduce attorney's fees by fifty percent for travel time").

Here, Ryan Kim billed 10.5 hours of travel time prior to the November 12, 2025 Rule 68 Offer. (Dkt. No. 54-2). He billed at his full attorney rate. For example, on October 9, 2024, he billed 7 hours at a rate of $550 per hour for "[t]ravel to and from EDNY to attend in-person mediation." (Id. at 5). These entries also are factored into the across-the-board reduction.

e. Duplicative Billing

Courts "may 'trim[] fat from a fee application' and eliminate excessive or duplicative hours." King v. N.Y.C. Emps.' Ret. Sys. (NYCERS), No. 13 CV 4730, 2017 WL 1317851, at *5 (E.D.N.Y. Jan. 12, 2017) (alteration included) (quoting Kirsh v. Fleet St., Ltd., 148 F.3d 148, 173 (2d Cir. 1998)), report and recommendation adopted by, 2017 WL 1317223 (E.D.N.Y. Apr. 5, 2017). However, "the presence and collaboration of multiple lawyers on behalf of plaintiff in the case herein, do not, by themselves, indicate needless duplication or overstating." De La Paz, 2013 WL 6184425, at *15.

Here, Defendants object to portions of Plaintiff's fee application on the basis that Mr. Kim and Mr. Cho each billed for similar tasks, including having spent a combined 20 hours on

jury instructions. (Opp. at 12). The Court disagrees that such billing is duplicative. This case is far from overstaffed—it was staffed with one partner, one associate, and one paralegal. The legal profession is an apprenticeship profession and collaboration between a partner and more junior associates is expected in any case. Additionally, Mr. Cho's first billing entry appears on November 21, 2025, after the Rule 68 Offer, and the Court has already held supra that such time is not compensable. Therefore, the Court does not find duplicative billing a basis for cutting counsel's hours.

* * *

The "essential goal" in fee shifting cases "is to do rough justice, not to achieve accounting perfection." Shin, 2023 WL 8701337 at * 11 (quoting Fox, 563 U.S. at 838). In light of Plaintiff's limited success and the other aspects of the fee application discussed above, the Court finds a 60 percent across-the-board reduction in the number of hours is appropriate and reflects a reasonable amount of attorney hours.

3. Total Fee Award

In light of the foregoing, the Court calculates the reasonable attorneys' fees to which Plaintiff is entitled as follows:

| | Total Hours Billed Before Expiration of Rule 68 Offer | Adjusted Hours | Adjusted Rate | Total Award |
|---|---|---|---|---|
| Ryan Kim | 96.9 | 38.76 | $500 | $19,380 |
| Jia Choi | 52.2 | 20.88 | $125 | $2,610 |
| | | | **TOTAL:** | $21,990 |

III. Costs

Both parties seek to recover costs. Because Plaintiff's recovery at trial did not exceed the Rule 68 Offer of Judgment, Plaintiff is entitled to recover costs that accrued prior to the Rule 68 Offer and Defendants are entitled to recover costs that accrued after the Offer.

District courts generally award "reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." Reichman v. Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 279, 283 (2d Cir. 1978) (quotation and citation omitted). Costs including filing fees, mediation, service of process, deposition transcripts, interpretation services, court reporters, transcripts, mailings, supplies, and postage are routinely recoverable. Shin, 2023 WL 8701337, at *11. Costs that are merely a substitute for an attorney's time that is compensable under an attorney's fee application, such as computer research, is not compensable. Stein v. 1-800-Flowers.com, Inc., 16 CV 6252, 2019 WL 1099946, at *5 (E.D.N.Y. Mar. 7, 2019). Costs for overhead, such as legal research subscription fees, are also non-compensable. BD v. DeBuono, 177 F. Supp. 2d 201, 209 (S.D.N.Y. 2001);

The party seeking costs "bears the burden of demonstrating the reasonableness of each charge; failure to provide adequate documentation of costs incurred will limit, or even defeat, recovery." John v. DeMaio, No. 15 CV 6094, 2016 WL 7469862, at *12 (E.D.N.Y. Sept. 29, 2016). Without invoices, a Court generally cannot award costs. Id. However, courts may take judicial notice of the filing fee and award such costs if verified by the docket. Joe Hand Promotions, Inc. v. Benitez, No. 18 CV 6476, 2020 WL 5519200, at *7 (E.D.N.Y. Aug. 27, 2020); Feltzin v. Union Mall LLC, 393 F. Supp. 3d 204, 219 (E.D.N.Y. 2019) (citations omitted).

A. Plaintiff's Costs

Plaintiff seeks reimbursement of $13,113.38 in costs incurred during this litigation for "court filings, a deposition, service of process, translation services, and inquest materials." (Mot. at 10; Kim Decl. ¶ 14). In support of this request, counsel attaches a list of expenses, including the court's filing fee, an "initial case set up charge," service costs, court reporter and transcript costs, transportation costs and mileage reimbursement, translation and interpreter fees, copying costs, online research costs, and the cost of trial materials. (Dkt. No. 54-2 at 21–23). He submitted some invoices to support his fee application. (Dkt. No. 55).

Many of Plaintiff's costs were incurred after the Rule 68 Offer was made and the Court therefore does not award them. Plaintiff's costs prior to the Rule 68 Offer include the $405 filing fee, a $300 "[i]nitial case set up charge" which counsel billed to Plaintiff, two $8.24 expenses for "LetterStream Inc.," $3,219 in deposition costs, $792.48 in translation services, $25 for petty cash given by counsel to Plaintiff for "[b]us, parking, and toll fee," $600 for an Apple TrialPad Subscription, and $3,155 in legal research subscription fees.

Plaintiff has not met the burden of showing the reasonableness of several of the requested costs. The Court cannot discern from Plaintiff's motion or the supporting documentation what the "initial case set up charge," "LetterStream Inc.," or "Apple TrialPad" costs are or whether the charges were reasonable. Counsel's petty cash receipt is not accompanied by the actual invoice of costs paid by Plaintiff and the Court cannot therefore determine whether that expense was actually incurred. Counsel's legal research fees are an overhead item and not compensable. The remaining $4,416.48 in costs are compensable out-of-pocket expenses.

Accordingly, the Court awards Plaintiff $4,416.48 in costs

B. Defendants' Costs

Defendants seek to recover their post-offer costs amounting to $9,460.31. (Opp. at 21). In support of their request, Defendants include invoices for (1) $2,531.11 in transcript fees, (2) $6,229.20 in court reporter fees, and (3) $700 in interpreter fees. (Dkt. No. 61-6). The transcript invoice includes a "job date" of May 16, 2025. Because this date occurred before the Rule 68 Offer, Defendants are not entitled to recover that cost. The other costs are recoverable.

Accordingly, the Court awards Defendants $6,929.20 in costs.

CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's motion in part and awards (1) $21,990 in attorneys' fees, and (2) $4,416.48 in costs. The Court awards Defendants $6,929.20 in costs. The Court denies Defendants' Motion to defer this decision on attorneys' fees.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
September 25, 2026

/s/ *Peggy Cross-Goldenberg*
Peggy Cross-Goldenberg
United States Magistrate Judge
Eastern District of New York